

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR DELGADO,

        Plaintiff,

v.

A. KORENEGAY SENIOR HOUSE HDFC,
C/O PRESTIGE MANAGEMENT INC., REALTY
ADVISORY BOARD ON LABOR RELATIONS,
LOCAL 32BJ, SERVICE EMPLOYEES
INTERNATIONAL UNION,

        Defendants.
------------------------------------------------------------X

**NOTICE OF REMOVAL
OF A CIVIL ACTION**



TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

    Defendant LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION ("Local 32BJ" or "Union"), through its attorneys, and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully seek removal of an action commenced in New York state court and states:

    Plaintiff VICTOR DELGADO commenced a civil action in the Supreme Court of the State of New York, County of New York, entitled *VICTOR DELGADO v. A. KORENEGAY SENIOR HOUSE HDFC, C/O PRESTIGE MANAGEMENT INC., REALTY ADVISORY BOARD ON LABOR RELATIONS, LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION*, bearing Index No. 110426/07. Local 32BJ was served with the Summons and Complaint by mail delivery on August 6, 2007, at its business offices located in Manhattan, New York. Copies of the Summons and Complaint in the form served on Defendant Local 32BJ are annexed hereto as Exhibit A.

1. This is a civil action over which this Court has original jurisdiction under 29 U.S.C. § 185 and is, therefore, one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

## THE PARTIES

2. Plaintiff Victor Delgado ("Delgado" or "Plaintiff") is an individual residing at 2101 Lexington Avenue, New York, New York, who was terminated from his employment as the resident Superintendent with Defendant A. Korenegay Senior House HDFC c/o Prestige Management Inc. for the property located at 2101 Lexington Avenue, New York, New York.

3. Defendant Local 32BJ is a labor organization within Section 2(5) of the National Labor Relations Act ("Act"), 29 U.S.C. § 152(5), that represents approximately 85,000 employees in the building service industry in the greater New York City metropolitan area, Westchester County, Long Island, parts of New Jersey and Connecticut, Philadelphia, Baltimore and Washington, D.C., including the building service employees working at 2101 Lexington Avenue, New York, New York. Local 32BJ's headquarters are located at 101 Avenue of the Americas, New York, New York 10013.

4. Defendant A. Korenegay Senior House HDFC c/o Prestige Management Inc. ("Korenegay" or "Employer") is an employer within Section 2(2) of the Act, 29 U.S.C. § 152(2), who previously employed Plaintiff through its control and management of the property located at 2101 Lexington Avenue, New York, New York.

5. Defendant Realty Advisory Board on Labor Relations, Inc. ("RAB") is a multi-employer bargaining association of which Defendant Korenegay is a member. The RAB represents Korenegay in collective bargaining matters with Local 32BJ, including the dispute concerning the termination of the employment of the Plaintiff that is the subject of this action.

## THE ARBITRATION AWARD

6.  Local 32BJ grieved Delgado's discharge under its collective bargaining agreement with the Employer. The grievance was ultimately presented in an arbitration hearing before Arbitrator Earl Pfefffer who issued a Decision and Award on May 4, 2007. In his Award, Arbitrator Pfeffer denied the grievance, sustained Delgado's discharge, and ordered (1) Delgado to vacate the Superintendent's apartment within 30 days of the Award and (2) the Employer to pay Delgado four (4) weeks' wages in severance pay.

## THE STATE COURT ACTION

7.  Plaintiff's Complaint alleges that Local 32BJ failed to properly represent Delgado during the arbitration proceeding under a labor contract when the Union (1) refused to permit Delgado's attorney to represent Delgado individually or as co-counsel with the Union's attorney during the arbitration hearing, (2) refused to adjourn the arbitration hearing when Delgado demanded an adjournment for purposes of allowing Delgado's private attorney to participate in the arbitration proceedings; and (3) refused to stay the arbitration hearing pending the resolution of Delgado's discrimination charges filed with the New York State Division of human Rights and to permit Delgado's private attorney to prevent additional evidence demonstrating that Delgado was an excellent worker. All of Plaintiff's discernable claims concern the manner in which Local 32BJ's conducted the arbitration hearing conducted under a labor contract that challenged Delgado's termination from his employment.

8.  Plaintiff's state court action seeks relief in the form of vacatur and modification of the arbitrator's award to provide Plaintiff (1) additional time in his Superintendent's apartment and (2) "substantial amounts" in severance pay and attorney's fees.

3

## THE COURT'S REMOVAL JURISDICTION

9. While the Complaint does not identify a precise legal cause of action against any of the named defendants, the only cognizable cause of action Plaintiff is attempting to assert is against the Local 32BJ for breach of the Union's duty of fair representation for failing allow Delgado's private attorney to participate in the grievance and arbitration process under the collective bargaining agreement between Local 32BJ and Delgado's employer. Vaca v. Sipes, 386 U.S. 171 (1967) (union breaches duty of fair representation for failing to enforce collective bargaining agreements for reasons that are arbitrary, discriminatory, or in bad faith). This action therefore arises under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Breinenger v. Sheet Metal Workers Int'l Ass'n, 493 U.S. 67, 80-81 (1989) (federal courts have jurisdiction to hear duty of fair representation suits against unions whether or not they are accompanied by claims against employers); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1987) (when resolution of plaintiff's claim depends upon interpretation of collective bargaining agreement, federal law preempts state law and creates federal question jurisdiction over claim).

10. Because Plaintiffs' claims against Local 32BJ allege a breach of the Union's duty of fair representation, their claims arise under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and therefore this Court has original jurisdiction over this claim and it may be removed to this Court by Defendant Local 32BJ, pursuant to 28 U.S.C. §§ 1441 and 1446.

11. There have been no proceedings in the State Court action, and Local 32BJ has not served an answer, made motions, or made any appearance or argument in that action.

12. Defendant Local 32BJ submits this Notice of Removal without waiving any defense to the claims asserted in the Complaint or conceding that Plaintiffs have pled claims upon which relief may be granted.

13. This Notice of Removal is filed within 30 days after receipt of the Complaint by Local 32BJ and before any proceedings thereon were held in the State Court action.

14. Defendants Korenegay and RAB consent to removal of this action.

WHEREFORE, Defendant Local 32BJ respectfully requests that the State Court action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
      August 31, 2007

Office of the General Counsel
SEIU, Local 32BJ

By: _____
Lyle D. Rowen (LR 6220)

Associate General Counsel
SEIU, Local 32BJ
101 Avenue of the Americas, 19th floor
New York, New York 10013
Phone: 212-388-3452
Fax:    212-388-2062

Attorneys for Defendant Local 32BJ