UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR DELGADO
           Plaintiff

           **AMENDED COMPLAINT**

    -against-

1) A. Korenegay Senior House HDFC         Index # 07-110426
   c/o Prestige Management Inc.
2) Local 3 International Union 2BJ
   Service Employees
           Respondent

       Plaintiff by his attorneys Marino & Veneziano by Amelio P. Marino 163 West 71 Street, New York, NY 10023 allege as follows:

1.    That Victor Delgado is a resident of New York City, State of New York.

2.    The defendants are residences or have their place of business in the County of New York, State of New York.

3.    On or about May 4, 2007 an opinion and award was rendendered by the arbitrator on behalf of the employer and against Victor Delgado, the employee.

      Victor Delgado was represented by the defendant Local 32BJ - Service Employees International Union.  A copy of the opinion and award is attached.

4.    We are submitting this affirmation in support of our action to vacate or modify the arbitrators opinion and award.

5.    It is plaintiff's position that his firing by his employer was unjustified and was done arbitrarily and without just cause.  Victor Delgado is claiming that he has a meritorious grievance.  Said firing occurred on January 18, 2007 Delgado was never an aggressor and always attempted to mitigate the tension.  It is also plaintiff's position that the Union breached its duty of fair representation on behalf of Victor Delgado.  The Union cannot and should not treat this Union member any differently than any member of any larger union.  He deserves equal treatment as any member of this union.  Victor Delgado is alleging that the union breached their obligations to him when they did not investigate the charges against Victor Delgado and did not demand a meaningful meeting with management to resolve this dispute. The Union was aware of the complaint and was made aware of the dispute by Delgado. The Union did took absolutely no actions initially to avoid any hearings or to help Delgado keep his position or obtain another position.

    The union functions as an aid to its members or owes their members a certain amount of loyalty.  In this case the union operated in a vacuum and was not concerned with the welfare of Delgado.  The union should have done everything within their power to resolve this dispute and if that was not possible then they should proceed to discuss with management whether another position was available at a different location.  This was not done.

6. The union then continued to operate in a vacuum during the preparation for the arbitration proceedings.  Such union failures can only be categorized as union breaches of their duty of fair representation on behalf of Victor Delgado.  On the scheduled date of the arbitration hearing, I attempted to substitute as the attorney but was not allow to do so.  In addition, Delgado and myself advised the union attorney Delgado had various witnesses who were willing to testify on his behalf; that we had a long list of tenants who signed documents-petition on behalf of Delgado and that it was important to submit evidence on behalf of Delgado as to his health, work record, petition, letters from the employer as to Delgado performance record, dishonorable discharge from the Marine Corps., etc.  As to best of my recollection there was no tenants who testified against Delgado.  My client and I requested an adjournment which was mandatory under the union contract so that he could prepare a favorable convincing presentation package to present to the arbitrator. The union attorney refused to make such a request.

7. The plaintiff was intitled to fair representation by the union and the failure to obtain such representation should be considered a breach of their duty.  I realize that each case depends on their own fact patterns but in this case the facts appear to demonstrate that Victor Delgado only received the minimum of consideration by management and the union.  The union did not do any type of negotiating on behalf of Delgado; did not prepare for the arbitration hearing, and did not present any favorable testimony or favorable documents or evidence of behalf or Delgado. Such neglect by the defendants should be considered a breach of their duty to render fair representation to Victor Delgado.  Attached are exhibits.

    Wherefore, it I respectfully requested that the arbitrators decision and award be vacated or modified to the extent that Victor Delgado be re-hired to his former position or another position at another location and/or be awarded a substantial amounts of monies in the amount of $750,000.00 to be granted to Victor Delgado and or severance pay to be determined by this court plus attorney fees and back pay and reimbursement for moving expenses.

                                      Respectfully,

Dated -New York, NY                          _____
November 3, 2007                             Amelio P. Marino
                                                      Marino & Veneziano
                                                      163 West 71st Street
                                                      New York, NY 10023

CC:    Lyle D. Rowen, Esq
        Associate General Counsel
        SEIU Local 32 BJ
        101 Avenue of the Americas-19th Fl.
        New York, NY 10013

CC:    Clifton Budd & DeMaria, LLP
        420 Lexington Avenue
        New York, NY 10170-0089
        Attn:   Robert A. Sparer, Esq.

EXHIBITS

EXHIBIT I        - opinion and award dated May 4, 2007

EXHIBIT 11       - Medical records -4 pages

EXHIBIT 111      - Letter from Tenant Committee

EXHIBIT 1V       - Petition by Tenants

EXHIBIT V        -Honorable Discharge Papers

EXHIBIT V1       -Letter from Victor Delgado

EXHIBIT V11      - (3 Pages) Resume for Victor Delgado and recommendation letter.