- - - - - - - - - - - - - - - - - - - - X
In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION

**OPINION AND AWARD**
Case # 24465

- and -

A. KORENEGAY SENIOR HOUSE HDFC C/O PRESTIGE MANAGEMENT INC.

- and -

REALTY ADVISORY BOARD ON LABOR RELATIONS, INC.
- - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

For the Union:            Associate General Counsel
                          By:  Katy Dunn, Esq.


For the Employer:         Horace Henry
                          Sherman Betcher
                          Moraine Davis


For the Realty
Advisory Board:           Peter Finn, Esq.

Employee:                 Victor Delgado, Grievant

Premises:                 2101 Lexington Avenue

## INTRODUCTION

A dispute having arisen between A. KORENEGAY SENIOR HOUSE HDFC
C/O PRESTIGE MANAGEMENT INC.and the Realty Advisory Board on
Labor Relations, Inc. (hereinafter referred to as the
"Company"), and Local 32BJ, Service Employees International
Union (hereinafter referred to as the "Union"), concerning

1

property at 2101 Lexington Avenue, the same was submitted to the Undersigned for arbitration and Award pursuant to the pertinent provisions of the then current Collective Bargaining Agreement between the parties at a hearing scheduled for April 5, 2007.

In a letter to the Office of the Contract Arbitrator dated January 30, 2007, the Union alleged the following complaint on behalf of Victor Delgado, and the same was by mutual consent of the parties submitted to the Undersigned for adjudication and Award.

> The above member, employed at the above building as a superintendent for one year and seven months, claims he was unjustly terminated, effective January 18, 2007.
>
> We are claiming reinstatement to his prior position with full back pay, benefits, seniority and contributions to the benefit funds lost by his unjust termination.

## DISCUSSION AND FINDINGS

Delgado was the Superintendent at the A. Kornegay Senior Houses, 2101 Lexington Avenue, for approximately one and one-half (1½) years prior to his termination on January 18, 2007. During that eighteen (18) month period: he was reprimanded on October 17, 2005, for disregarding Manager Lorraine Davis' instruction regarding a purchase of mop heads (Employer Exhibit 1); he was insubordinate towards Davis on November 30, 2006, when he disregarded her instructions and ignored her authority

2

in connection with a dispute with Security (Employer Exhibit 2);
he was warned for being insubordinate towards Site Supervisor
Sharmaine Butcher on November 21, 2005, in connection with her
instructions concerning his interactions with Security (Employer
Exhibit 3); he received a second written warning for
insubordination on April 17, 2006, for interfering with Security
and for using loud and vulgar language toward a porter in the
presence of tenants on April 16, 2006 (Employer Exhibit 4); on
April 24, 2006, he received a third and final warning for
interfering with and being unprofessional toward building
Security (Employer Exhibit 5); and he received a second final
written warning on July 19, 2006, for insubordinate and erratic
behavior toward Davis (Employer Exhibit 7), which further
cautioned Delgado "any further infractions" will result in
suspension without pay and possible termination.

Thereafter, on January 15, 2007, Delgado entered the
apartment of a deceased tenant, and threw out items in the
apartment he believed were garbage. He was not authorized to
enter the apartment, and in fact was not scheduled to work on
that day. It turns out the items he discarded were not garbage,
and a DVD player and a microwave oven were not recovered.
Employer Exhibit 8. On January 18, 2007, Delgado was terminated

3

for "illegally entering a tenant's apartment and removing personal property without authorization on your day off."

With respect to the latter incident, Delgado contends he was ordered into the apartment by Davis, and told to prepare it for the next tenant. He contends he cleaned out the apartment consistent with Davis' instructions.

Under the parties' Collective Bargaining Agreement, I must "give due consideration to the Superintendent's fiduciary and management responsibilities and to the need for cooperation between te Superintendent and the employer." I credit Davis' testimony concerning the Employer's repeated difficulties obtaining cooperation from Delgado during his brief tenure as Superintendent. Delgado, in contrast, was not a credible witness, particularly with respect to his role in instigating conflicts with Site Management and Security after his termination. Employer Exhibits 10, 11, 12, 13 and 15. I find, therefore, the Employer had grounds for terminating his employment.

With respect to the Union's claim Delgado is entitled to severance pay, the evidence does not persuade me that Delgado deliberately provoked his dismissal or that his conduct constituted a willful or substantial violation of the obligations of his employment. Accordingly, he shall be

4

entitled to four (4) weeks pay. Delgado shall vacate the apartment within 30 days from the date of the Award. I retain jurisdiction only over disputes concerning severance pay.

It is so ordered.

DATE: May 4, 2007

_____
EARL R. PFEFFER
Contract Arbitrator


STATE OF NEW YORK:
               SS:
COUNTY OF NEW YORK:

I hereby affirm pursuant to CPLR Sec. 7507 that I am the individual described in and who executed this instrument which is my Award.

DATE: May 4, 2007

_____
EARL R. PFEFFER
Contract Arbitrator

ERP/co

5