```
- - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of the Arbitration between
```

| | |
|---|---|
| MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ, SERVICE EMPLOYEES INTERNATIONAL UNION | OPINION AND AWARD<br>Case # 24465 |

- and -

A. KORENEGAY SENIOR HOUSE HDFC C/O PRESTIGE MANAGEMENT INC.

- and -

REALTY ADVISORY BOARD ON LABOR RELATIONS, INC.
- - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES:**

| | |
|---|---|
| For the Union: | Associate General Counsel<br>By: Katy Dunn, Esq. |
| For the Employer: | Horace Henry<br>Sherman Betcher<br>Moraine Davis |
| For the Realty Advisory Board: | Peter Finn, Esq. |
| Employee: | Victor Delgado, Grievant |
| Premises: | 2101 Lexington Avenue |

- - - - - - - - - - - - - - - - - - - - - - -

## INTRODUCTION

A dispute having arisen between A. KORENEGAY SENIOR HOUSE HDFC C/O PRESTIGE MANAGEMENT INC. and the Realty Advisory Board on Labor Relations, Inc. (hereinafter referred to as the "Company"), and Local 32BJ, Service Employees International Union (hereinafter referred to as the "Union"), concerning

1

EXHIBIT I

property at 2101 Lexington Avenue, the same was submitted to the Undersigned for arbitration and Award pursuant to the pertinent provisions of the then current Collective Bargaining Agreement between the parties at a hearing scheduled for April 5, 2007.

In a letter to the Office of the Contract Arbitrator dated January 30, 2007, the Union alleged the following complaint on behalf of Victor Delgado, and the same was by mutual consent of the parties submitted to the Undersigned for adjudication and Award.

> The above member, employed at the above building as a superintendent for one year and seven months, claims he was unjustly terminated, effective January 18, 2007.
>
> We are claiming reinstatement to his prior position with full back pay, benefits, seniority and contributions to the benefit funds lost by his unjust termination.

## DISCUSSION AND FINDINGS

Delgado was the Superintendent at the A. Kornegay Senior Houses, 2101 Lexington Avenue, for approximately one and one-half (1½) years prior to his termination on January 18, 2007. During that eighteen (18) month period: he was reprimanded on October 17, 2005, for disregarding Manager Lorraine Davis' instruction regarding a purchase of mop heads (Employer Exhibit 1); he was insubordinate towards Davis on November 30, 2006, when he disregarded her instructions and ignored her authority

2

in connection with a dispute with Security (Employer Exhibit 2); he was warned for being insubordinate towards Site Supervisor Sharmaine Butcher on November 21, 2005, in connection with her instructions concerning his interactions with Security (Employer Exhibit 3); he received a second written warning for insubordination on April 17, 2006, for interfering with Security and for using loud and vulgar language toward a porter in the presence of tenants on April 16, 2006 (Employer Exhibit 4); on April 24, 2006, he received a third and final warning for interfering with and being unprofessional toward building Security (Employer Exhibit 5); and he received a second final written warning on July 19, 2006, for insubordinate and erratic behavior toward Davis (Employer Exhibit 7), which further cautioned Delgado "any further infractions" will result in suspension without pay and possible termination.

Thereafter, on January 15, 2007, Delgado entered the apartment of a deceased tenant, and threw out items in the apartment he believed were garbage. He was not authorized to enter the apartment, and in fact was not scheduled to work on that day. It turns out the items he discarded were not garbage, and a DVD player and a microwave oven were not recovered. Employer Exhibit 8. On January 18, 2007, Delgado was terminated

for "illegally entering a tenant's apartment and removing personal property without authorization on your day off."

With respect to the latter incident, Delgado contends he was ordered into the apartment by Davis, and told to prepare it for the next tenant. He contends he cleaned out the apartment consistent with Davis' instructions.

Under the parties' Collective Bargaining Agreement, I must "give due consideration to the Superintendent's fiduciary and management responsibilities and to the need for cooperation between te Superintendent and the employer." I credit Davis' testimony concerning the Employer's repeated difficulties obtaining cooperation from Delgado during his brief tenure as Superintendent. Delgado, in contrast, was not a credible witness, particularly with respect to his role in instigating conflicts with Site Management and Security after his termination. Employer Exhibits 10, 11, 12, 13 and 15. I find, therefore, the Employer had grounds for terminating his employment.

With respect to the Union's claim Delgado is entitled to severance pay, the evidence does not persuade me that Delgado deliberately provoked his dismissal or that his conduct constituted a willful or substantial violation of the obligations of his employment. Accordingly, he shall be

entitled to four (4) weeks pay. Delgado shall vacate the apartment within 30 days from the date of the Award. I retain jurisdiction only over disputes concerning severance pay.

It is so ordered.

DATE: May 4, 2007

_____
EARL R. PFEFFER
Contract Arbitrator


STATE OF NEW YORK:
                SS:
COUNTY OF NEW YORK:

I hereby affirm pursuant to CPLR Sec. 7507 that I am the individual described in and who executed this instrument which is my Award.

DATE: May 4, 2007

_____
EARL R. PFEFFER
Contract Arbitrator

ERP/co

**B. BERNIE HERRON, M. D.**
544 EAST 86TH STREET
NEW YORK, NEW YORK 10028

TELEPHONE 212 - 861-5443

May 14, 2007

Mr. Victor Delgado
2101 Lexington Ave. #1F
New York, NY 10035

Dear Mr. Delgado:

I am a physician, Board Certified in Psychiatry, and I have been treating you since April 20, 2007.

You are 56 years old and became depressed in January 2007. This occurred after losing your job as superintendent. A decreased appetite with a ten-pound weight loss, a sleep disturbance with difficulty falling asleep and remaining asleep, feelings of hopelessness, withdrawal from social contact, tearfulness and suicidal impulses characterized your disorder. In addition there is a recurrence of symptoms of post traumatic stress disorder that originally occurred after your service in the marines in Vietnam.

Your formal diagnosis is Major Depressive Disorder, DSM IV 296.25.

I have been treating you with antidepressant medication and psychotherapy and you are responding gradually to treatment. .

Very truly yours,

*B Bernie Herron. M.D.*

B. Bernie Herron, M.D.

EXHIBIT II
(4 pages)

United Health Services, Inc.
DELAWARE VALLEY HOSPITAL
ALCOHOLISM REHABILITATION UNIT
1 Titus Place
Walton, New York 13856

Phone (607) 865-2115        Fax (607) 865-9234

ALCOHOLISM REHABILITATION UNIT

TO WHOM IT MAY CONCERN:

_Mr. Victor Delgado_ was an in-patient at Delaware Valley Hospital, Alcoholism Rehabilitation Unit intensive treatment facility from _5/10/2000_ to _6/7/2000_

Type of Discharge:

✓ _____ Completed Treatment
_____ Administrative Discharge
_____ Therapeutic Discharge
_____ Against Medical/Staff Advice

If you have any questions, please feel free to call.

MR. MARINO, can you use this letter into evidence, that I suffered from Drug and Alcohol Addiction, that I got Addicted, while I was in the WAR IN Vietnam.

Sincerely,

_Linda Ferguson_
Linda Ferguson
Admissions Coordinator

04/18/2007  21:26  2129961600  EAST HARLEM WIRELESS

Dear MR. MARINO
HERE is A copy of My Prescription for medication for stress and A Nervous condition, Precribed by MY Pchyocatrist, for Disorientation - Depression.

---

SW CNYRxPadMV/101110  P  Pad 3 of 5 3/1/2007 N

**OFFICIAL NEW YORK STATE PRESCRIPTION**

B BERNIE HERRON MD
544 EAST 86TH STREET
#1E
NEW YORK, NY 10028
(212) 861-5443
LIC. 078645

PRACTITIONER DEA NUMBER: AH 1789979

Patient Name: VICTOR DELGADO    Date: 4/20/07
Address: 2101 LEXINGTON AV
City: NY  State: NY  Zip: 10035  Sex: M

Rx   LEXAPRO 10 mg
     #30
     Sig. 1 qd in AM

Prescriber Signature X  B Herron

MAXIMUM DAILY DOSE (controlled substances only): 1

THIS PRESCRIPTION WILL BE FILLED GENERICALLY UNLESS PRESCRIBER WRITES 'daw' IN BOX BELOW
REFILLS: ☒ None  ☐ Refill

0GYGQT 12

PHARMACIST TEST AREA

**Trinity Medical**
Steve T. Ayanruoh, M.D
2274 Third Avenue
New York, NY 10035
Tel. (212) 828-4700
Fax: (212) 828-8811

**Trinity Medical**
Steve T. Ayanruoh, M.D
104 Vermilyea Ave., Suite B-1
New York, NY 10034
Tel.:(212) 544-8854
Fax: (212) 544-8867

April 18th, 2007

**RE: Victor Delgado**

To Whom It May Concern:

This letter is to certify that the above named patient is being treated in this office. He has a history of high cholesterol, migraine headaches, weight loss, Insomnia and lower backache.

If you need any additional information, please do not hesitate to contact me at your earliest convenience.

Sincerely,

Steve T. Ayanruoh, MD

TRINITY MEDICAL
104 VERMILYEA AVE., SUITE B
NEW YORK, NY 10034, USA
TEL: 212-544-8854
FAX: 212-544-8867

January 31, 2007

From: A. Konegay Senior Housing tenant committee

We, the tenants and families residing in said building, are very upset and disappointed regarding Miss Davis unprofessional behavior, attitude and nasty negative remarks. She denies and rejects us when we approach her services.

We the tenants go downstairs to get our mail; we congregate and socialize among ourselves. Miss Davis comes out of her office with nasty remarks and attitude telling us to leave the lobby. She has her office door constantly locked, and when we knock on her door for issues as well as problems she refuses to respond. And if she does respond, she does so in a very nasty way.

Miss Davis is very unprofessional in the way she carries matters. We want her removed from office management as soon as possible.

Thank you,

(The Tenant Committee)

C.C. Mrs. Suleilka Cabrera

Mr. Horace Henry
Mr. Wilson Trevor
Miss Hanna Brockington

EXHIBIT III

January 29, 2007

SENIOR CITIZEN WHO LIVE AT 2101 LEXINGTON AVENUE, NEW YORK CITY

We the Senior Citizen and the tenants of the building at the above address do not want Mr. Victor Delgado, the superintendent, to be suspended, removed, or terminated from this building. To us Mr. Delgado is a wonderful, respectful, and trustworthy person. He helps us with the issues and repairs in our apartments, and he is always willing to receive our packages if we ask him to do it. We have offered tips to Mr. Delgado, but he always refuses to accept anything. He keeps the building in excellent and sanitary conditions. He does a great job doing the maintenance and repairs in the building. Mr. Delgado have never entered into our apartments without our consent. We are signing this petition in behalf of Mr. Victor Delgado.

Las personas que vivimos en es edificio localizado en la direccion escrita arriba no queremos que el Sr. Victor Delgado, el superintendent, sea suspendido, removedo, or dejado fuera del trabajo. El Sr. Delgado es una persona muy buena, respetuosa, en quien podemos confiar. El siempre nos ayuda en los problemas que tenemos en nuestro apartamentos y tambien siempre arregla todas las cosas que estan malas en el apartamento. El tambien recibe nuestros paquetes cuando se lo pedimos. El Sr. Delgado mantiene el edificio en excelente y sanitarias condiciones. El nunca acepta nada que tratemos de ofrecerle por su trabajo. El Sr. Delgado hace muy buen trabajo manteniendo el edificio limpio y reparando todo lo que necesita ser reparado. Estamos esta peticion a favor de el Sr. Victor Delgado.

*[Signatures of tenants follow, organized in four columns, with apartment numbers. Signatures include names such as Ralph Castro, Gloria Gonzalez, Rita Herrera, Margarita Caro, Jose Rey, Victor Ortiz, Willie Burton, Teofilo Flores, Anne Harris, Carmen Velanueva, Agustin Ayala, Sonia Fajardo, Marco Salazar, Mary E. Williams, Irene Sykes, Olimpo Perez, Ethel Watson, Margarita Robles, Juan Bautista, Ana Bautista, Jew Lam, Necida Rosa, Justo Castro, Olga Soto, Angel Soto, T. Jones, Victor Medina, Thelma Burton, Olga Ventura, M. Cruz, Nell Moore, and others]*

EXHIBIT IV