UNITED STATES DISRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VICTOR DELGADO,                                 :
                                                :
                    Plaintiff,                  :
                                                :  Docket No. 07-CV-7761 (DC) (MHD)
          v.                                    :
                                                :
A. KORENEGAY SENIOR HOUSE HDFC,                 :
REALTY ADVISORY BOARD ON                        :
LABOR RELATIONS, INC. and  LOCAL                :
32BJ – SERVICE EMPLOYEES                        :
INTERNATIONAL UNION,                            :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS A. KORENEGAY SENIOR HOUSE HDFC's
# MOTION TO DISMISS THE AMENDEDCOMPLAINT

        Howard Rothschild (6008)
        Attorney for Defendant A. Korenegay Senior House HDFC
        292 Madison Avenue – 16th Floor
        New York, New York 10017
        Tel.:   (212) 889-4100
            and
        CLIFTON BUDD & DeMARIA, LLP
        420 Lexington Avenue, Suite 420
        New York, New York 10170
        Tel.:   (212) 889-4100

# TABLE OF CONTENTS

                                                                                                                  **Page**

PRELIMINARY STATEMENT .................................................................................................1

THE FACTS ..................................................................................................................................2

      I.          The Parties ...............................................................................................................2

      II.         The CBA ..................................................................................................................3

      III.        This Action...............................................................................................................3

DISCUSSION ................................................................................................................................3

      I.          STANDARD GOVERNING 12(b) MOTION TO DISMISS ...................................3

      II.         DELGADO LACKS STANDING TO SEEK TO VACATE THE AWARD .........5

      III.        THE ARBITRATION AWARD CANNOT BE VACATED................................11

                  A.        Standard of Review of an Arbitration Award.............................................12

                  B.        The Arbitrator Did Not Improperly Exclude Evidence ..............................13

                  C.        There is no Suggestion that the Arbitrator was Biased..............................14

                  D.        Manifest Disregard for the Law..................................................................15

                  E.        Federal Law Favors Finality of Arbitration Awards..................................15

CONCLUSION.............................................................................................................................16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Barr v. United Parcel Serv.*, 868 F.2d 36 (2d Cir. 1989) .................................................. 7, 12

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 4

*British Ins. Co. of Cayman v. Water Street Ins. Co.*, 93 F. Supp. 2d 506 (S.D.N.Y. 2000) .................................................................................................. 14

*Carrion v. Enterprise Assoc. Local 638*, 227 F.3d 29, 2000 U.S. App. LEXIS 23275(2d. Cir. 2000) ................................................................................ 2, 6

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ............................................. 5

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................ 4

*Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983) ............................. 2, 6, 12

*Flanigan v. Truck Drivers Local No. 671*, 942 F.2d 824 (2d. Cir. 1991) ............................... 6

*H.J. Inc. v. Northwestern Bell Tel., Co.*, 492 U.S. 229 (1989) ............................................. 4

*Hogan v. 50 Sutton Place*, 919 F. Supp. 738 (S.D.N.Y. 1996) ........................................ 5, 12, 13

*Iqbal v. Hasty*, 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007) ................................. 4

*Katir v. Columbia Univ.*, 15 F.3d 23 (2d. Cir. 1994) ........................................................... 5

*Kavowras v. New York Times Co.*, 328 F.3d 50 (2d. Cir. 2003) ......................................... 6

*Lettis v. United States Postal Serv.*, 39 F. Supp. 2d 181 (E.D.N.Y. 1998) ......................... 9, 12

*Ljutovic v. 530 E. 86th St., Inc.*, 2006 U.S. Dist. LEXIS 62040 (S.D.N.Y. 2006) .................................................................................................................. 5

*Lofton v. United States Postal Serv.*, 592 F.Supp. 36 (S.D.N.Y. 1984) ............................... 6

*Nicholls v. Brookdale Univ. Hosp.*, 2005 U.S. Dist. LEXIS 14144 (E.D.N.Y. 2005) ................................................................................ 5, 12, 13, 14, 16

*Pyett v. Penn Bldg. Co.*, 06-3047-cv (2d Cir. August 1, 2007) ......................................... 15

*Spellacy v. Air Line Pilots Ass'n-Int.'l*, 156 F.3d 120 (2d. Cir. 1998) .................................. 7

*Tower Air, Inc. v. Federal Express Corp.*, 956 F.Supp. 270 (E.D.N.Y. 1996) .................................................................................................................... 4

*United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564 (1960) ............................................................................................................. 16

*United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960) ............................................................................................................. 16

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ............................................................................................................. 16

*White v. White Rose Food,* 237 F.3d 174, 2001 U.S. App. LEXIS 322 (2d. Cir. 2001) ............................................................................................................. 6

## PRELIMINARY STATEMENT

Victor Delgado ("Delgado" or "Plaintiff"), the plaintiff in this action removed from New York Supreme Court, seeks to vacate an adverse arbitration award upholding his discharge by A. Korenegay Senior House HDFC, ("AKSH"), one of the defendants.[1] Correctly described, Delgado is seeking vacatur of that award in this "hybrid §301/ fair representation" action against his Union, Service Employees International Union Local Union 32BJ (the "Union" or "Local 32BJ") and his former employer, AKSH.[2] The RAB, though it is not clear from the papers, is a party to the applicable collective bargaining agreement (the "CBA").[3] Delgado has failed to state a claim against the Union, a necessary condition to seek to vacate an arbitration award and has failed to show, assuming, *arguendo*, that he has standing, that the award should be vacated.

The Supreme Court has held that only when a union breaches its duty of fair representation in a grievance or arbitration proceeding, may an employee bring suit against both the union and the employer. Such a suit, which alleges that the employer breached the collective bargaining agreement by violating Section 301 of the Labor Management Relations Act

---

[1] At a conference with the Court, Plaintiff requested leave to serve an amended complaint, which he did in a timely manner. The original complaint included as a defendant the Realty Advisory Board on Labor Relations, Inc. ("RAB"), but Plaintiff omitted the RAB in the amendment. Consequently, the RAB is not participating in this motion as no claims against it exist. Further, the caption should, therefore, be amended to remove the RAB as a party.

[2] All exhibits referred to in this Memorandum of Law, unless otherwise specified are attached to Howard I. Rothschild's Affirmation in Support of the Motion to Dismiss ("Rothschild Aff."), which is submitted herewith. All references to Plaintiff's Complaint (Exhibit 1) are denoted as "Compl. ¶ ___." All references to Plaintiff's Amended Complaint, Exhibit 2, are denoted as "Am. Compl. ¶ ___".

[3] Plaintiff's Amended Complaint does not describe the parties. The award (Exhibit 3) is attached separately for ease of reference. As the applicable collective bargaining agreement (Exhibit 4) is implicitly referred to in the complaint, it is appropriate for consideration by the Court even in this pre-answer motion to dismiss.

("LMRA") (29 U.S.C. §185) and that the union breached its duty of fair representation ("DFR"), is known as a "hybrid § 301/fair representation claim." *Carrion v. Enterprise Assoc. Local 638*, 227 F.3d 29, 2000 U.S. App. LEXIS 23275 at *8 (2d. Cir. 2000) citing *Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). To prevail on such a claim, the dissatisfied employee "must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union." *Carrion* at *8-9 citing *DelCostello*, 462 U.S. at 165 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring).

The federal courts have similarly viewed with disfavor attempts to vacate arbitration awards. Thus, a plaintiff faces a high burden to show arbitral misconduct before a court will vacate an award. This high standard is elevated even further in hybrid §301 actions as the plaintiff must show that the union's breach of its DFR affected the outcome of the arbitration. Here, Delgado can show none of these things.

AKSH now moves for an Order dismissing the petition for the following reasons:

1. Delgado fails to state a claim that Local 32BJ breached the duty of fair representation, a prerequisite to an attack on the arbitration award, and

2. Delgado fails to state a claim that the award is in anyway improper.

## THE FACTS

### I. The Parties

Delgado was the resident superintendent at 2101 Lexington Avenue, New York (the "building") (see Award, p.2) until his discharge on January 18, 2007 (see Award, p. 2) he entered an apartment without authorization and threw away property in it. (Award, p. 3).

2

The Union represents the building service workers in the building. (*See generally*, the CBA and the Award).

The CBA sets the terms and conditions of employment of the superintendent. Among many other terms, the CBA establishes a grievance and arbitration procedure that culminates in final and binding arbitration as the sole and exclusive forum for the resolution of disputes between the Union and/or the superintendent and the employer. (CBA, pp. 13-18)[4].

## II.     The CBA

The Union and AKSH are parties to a collective bargaining agreement effective from April 21, 2006 to April 20, 2010. *See*, Exhibit 4.**III. This Action**

This action was commenced in Supreme Court, New York County and removed to this Court as it can be maintained only pursuant to LMRA §301, a federal statute over which the federal courts have jurisdiction. LMRA §301 completely preempt state law claims that, as this action does, require the interpretation of a collective bargaining agreement.

## DISCUSSION

### I.

### STANDARD GOVERNING 12(b) MOTION TO DISMISS

A federal district court should grant a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J. Inc. v. Northwestern Bell Tel., Co.*, 492 U.S. 229, 249-50 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). *See*

---

[4]     References to the CBA, Exhibit 4, are denoted "CBA p. ___".

*Tower Air, Inc. v. Federal Express Corp.*, 956 F.Supp. 270, 276-77 (E.D.N.Y. 1996). "In applying this standard, a district court must 'read the facts alleged in the complaint in a light most favorable' to a plaintiff, and accept these allegations as true." *Tower Air*, 956 F.Supp. at 276-77 (*quoting H.J., Inc.*, 492 U.S. at 249).

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. The Court "retire[d]" *Conley's* "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 127 S. Ct. at 1974. The Second Circuit has not interpreted the foregoing language to require a "universal standard of heightened fact pleading;" rather, it requires a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty*, 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007) (emphasis in original). However, *Bell Atlantic* holds that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted).

While the Plaintiff's allegations must provide the starting point for a Court's evaluation of a motion to dismiss, the Court may also consider documents attached to the complaint or incorporated by reference. *Ljutovic v. 530 E. 86th St., Inc.*, 2006 U.S. Dist. LEXIS 62040, *8

4

(S.D.N.Y. 2006) (*citing Int'l. Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Even if a plaintiff fails to attach a particular document, the Court may consider the outside document, without converting the motion to dismiss into a motion for summary judgment, if it is a document "upon which [plaintiff] solely relies and which is integral to the complaint." *Id.*, (*quoting Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)), *see also, Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Plaintiff refers to the CBA in his complaint. *See, e.g.*, Compl. ¶¶ 5 and 6, Am. Compl. ¶ 6. He does the same with respect to the Award. *See, e.g.* Complaint ¶¶ 3, 4 and 6, Am. Compl. ¶¶ 3 and 4. Hence, the Court may consider the CBA and the Award without converting the motion to one for summary judgment.

Applying these standards, this Court should grant AKSH'S motion.

## II.

## DELGADO LACKS STANDING TO SEEK TO VACATE THE AWARD

An employee whose claims are arbitrated under a collective bargaining agreement between an employer and a union generally does not have standing under federal law to vacate an arbitration award, since the employee was not a party to the initial contract under which the arbitration proceeded. *Nicholls v. Brookdale Univ. Hosp.*, 2005 U.S. Dist. LEXIS 14144, *15 (E.D.N.Y. 2005), *see Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d. Cir. 1994). "Only when a union breaches its duty of fair representation may an employee 'step into the shoes of the Union.'" *Hogan v. 50 Sutton Place*, 919 F. Supp. 738, 745-46 (S.D.N.Y. 1996) (motion to dismiss petitioner's request to vacate granted where no breach of DFR); *Lofton v. United States*

*Postal Serv.*, 592 F.Supp. 36, 37, 39 (S.D.N.Y. 1984). Here, Delgado lacks standing because he has not alleged facts to suggest a breach by Local 32BJ of its duty of fair representation.

In a hybrid 301 claim comprises two causes of action. *Del Costello* at *23-24. The suit against the employer rests on Section 301 of the LMRA, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent." *Id.* "The law is clear that regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." *Carrion* at *11-12.

"The 'indispensable predicate' of a section 301 claim against an employer is a 'demonstration that the Union breached its duty of fair representation.'" *Flanigan v. Truck Drivers Local No. 671*, 942 F.2d 824, 828-29 (2d. Cir. 1991) quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981), (*overruled on other grounds*), see *Del Costello*. "'A breach of the statutory duty of fair representation occurs... when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Kavowras v. New York Times Co.*, 328 F.3d 50, 54 (2d. Cir. 2003) quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness' as to be irrational." *White v. White Rose Food*, 237 F.3d 174, 2001 U.S. App. LEXIS 322, *11 (2d. Cir. 2001). "A showing of bad faith requires a showing of fraudulent, deceitful or dishonest action." *Id.* citing *Sim v. New York Mailers' Union No. 6*, 166 F.3d 465, 472 (2d Cir. 1999). The Union's "failure to take an action that is unlikely to be advantageous does not subject it to liability for

6

breach of its duty of fair representation." *Barr v. United Parcel Serv.*, 868 F.2d 36, 44 (2d Cir. 1989). In addition to proving the union acted in a manner that was arbitrary, discriminatory or in bad faith, a plaintiff must also prove that there was "a causal connection between the union's wrongful conduct and their injuries." *Spellacy v. Air Line Pilots Ass'n-Int.'l*, 156 F.3d 120, 126 (2d. Cir. 1998). Delgado cannot show that either the Union breached its duty of fair representation or that its actions undermined the arbitral process.

Nothing in the complaint suggests that Local 32BJ acted in any way outside the wide range of reasonableness. Delgado's new private counsel arrived on the scene on April 5, 2007 (Award, p.2) at the day of the hearing. Compl. ¶5; Am. Compl. ¶ 6. Six people, excluding Plaintiff and his private attorney, were ready to go forward, Katy Dunn, Esq., Associate General Counsel for the Union, Horace Henry, Sherman Betcher and Moraine Davis, for the Employer, Peter Finn, Esq., for the RAB and, of course, Earl R. Pfeffer, Contract Arbitrator, Award, pp. 1 and 5. The Union had demanded "reinstatement to [plaintiff's] prior position with full back pay, benefits, seniority and contributions to the benefits funds lost by his unjust termination." Award, p.2. Thus, to adjourn the hearing meant that six other people, who were ready to go forward would be inconvenienced, the Union would have to pay one half of Mr. Pfeffer's fee (*see* CBA p. 18), and AKSH would be exposed to greater liability (for additional back pay, *etc.*) if the Union were to prevail at the hearing and obtain reinstatement with back pay for Plaintiff. Plaintiff avers that he would have presented additional documentation relevant to the hearing, but provides no suggestion why that evidence was not available earlier.[5]

---

[5] It is noteworthy that the record at the arbitration included exhibits documenting seven separate disciplinary actions during Plaintiff's 18 month tenure at the building, all prior to his termination.

7

Delgado offers several documents attached to his Amended Complaint that purport to support his claim for reinstatement:

1. A post-hearing May 14, 2007 letter from B. Bernie Herron, MD, reporting that Dr. Herron has been treating Delgado since fifteen days *after* the hearing (See, Award, p., 2)
2. A nearly 7-year-old Alcohol Retreatment Certification;
3. A post-hearing prescription for Lexapro;
4. A post-hearing April 18, 2007 letter from Steve T. Ayanruoh, MD, reporting that Dr. Ayanruoh is being treated (with no specification of its connection with the discharge) and that Delgado has a history of high cholesterol, migraine headaches, weight loss, insomnia and lower back aches;
5. A pre-hearing January 31, 2007 tenants' petition in support of Delgado;
6. Delgado's March 31, 1970 honorable discharge certificate from the U.S. Marine Corps;
7. Delgado's pre-hearing January 20, 2007 written statement about the circumstances giving rise to his discharge;
8. Delgado's pre-discharge resume; and
9. A 22-year-old recommendation letter from Pelican Management, Delgado's employer.

None of these documents, other than item 5 rationally relate to the issues being arbitrated. Item 5 is discussed below and does not warrant reexamination of the merits of Delgado's termination.

Delgado misconstrues his status at in the grievance and arbitration process. "All Union claims are brought by the Union alone… ." CBA, p. 13. Delgado is not a party to the arbitration, he is a "Grievant". *See, e.g.*, CBA, p. 5, §5. Hence, his allegations about denial of an adjournment despite "the union rules, [under which] I was entitled to an automatic adjournment of the arbitration hearing…" (Compl. ¶5) and "an adjournment which was mandatory under the union contract…" (Am. Compl. ¶6) inaptly seeks to elevate Plaintiff's status at the arbitration hearing to that of a party. Under the CBA, p. 16, "No more than one adjournment per party shall be granted by the Arbitrator without consent of the opposing party." This provision, apparently, is the "automatic adjournment" to which Plaintiff refers. However, Plaintiff was not a "party"

and plainly, the language does not guaranty one adjournment, but, rather, prohibits the grant of more than one adjournment without consent – it is a limitation on the Arbitrator's authority, not the grant of a right to a party and certainly not to a grievant.

Further, Delgado seems to argue that he has some right to be represented by the attorney of his choosing. *See*, Am. Compl. ¶6. His is incorrect.

> A grievant has no right to a private attorney, or to require a union to utilize a lawyer, at an arbitration. *Henry v. Community Resource Center, Inc.*, 1996 U.S. Dist. LEXIS 6414, No. 95 Civ. 5480, 1996 WL 251845, at *8 (S.D.N.Y. May 13, 1996) (rejecting the plaintiff's argument that she was entitled to an attorney and citing to cases in other circuits holding same); *see also Baxter v. United Paperworkers Int'l Union, Local 7370*, 140 F.3d 745, 747 (8th Cir. 1998). "In fact, 'federal law provides that unions are to be the exclusive bargaining representative for workers in union shops and, as such, disfavors attorney involvement in grievance resolution.'" *Henry*, 1992 WL 251845, at *8 (quoting *Johnson v. United Steelworkers*, 843 F. Supp. 944, 947 (citing *Castelli v. Douglas*, 752 F.2d 1480, 1484))."

*Lettis v. United States Postal Serv.*, 39 F. Supp. 2d 181, 199 (E.D.N.Y. 1998). Hence, Plaintiff's assertion that he had some right to private counsel or that that counsel could usurp the Union's prerogatives representing its membership at the hearing (*see* Compl. ¶5, Am. Compl. ¶6) is legally insupportable.[6]

---

[6] Plaintiff asserts that "Delgado and myself [sic] advised the union attorney Delgado had various witnesses who were willing to testify on his behalf; that we had a long list of tenants who signed documents-petition [sic] on behalf of Delagado and that it was important to submit evidence on behalf of Delgado as to his health, work record, petition, letters from the employer as to Delgado performance record, dishonorable [sic] discharge from the Marine Corps., etc. As to best [sic] of my recollection there was no tenants [sic] who testified against Delgado. My client and I requested an adjournment which was mandatory under the union contract so that he could prepare a favorable convincing presentation package [sic] to present to the arbitrator." (Am. Compl. ¶6) As mentioned previously, the Award identifies exhibits documenting seven separate disciplinary actions during Delgado's 18-month tenure at the building, all prior to his termination. Plaintiff was discharged January 18, 2007 and the hearing was conducted April 5, 2007. Award, p.2. It was objectively reasonable for the Union to proceed even assuming, *arguendo*, that Plaintiff could obtain additional documents, as the CBA provides for accelerated grievance processing in discharge cases (CBA, Art. V, ¶7, p. 14 ("Any grievance… shall be

In his Amended Complaint, Delgado expands and restates his original allegations that touch upon the DFR claim. The flaw in the case, however, is finally spelled out plainly, succinctly and dispositively: "Such *neglect* by the defendants [sic] should be considered a breach of their [sic] duty to render fair representation to Victor Delgado." (Am. Compl. ¶7) Rhetoric aside, the facts alleged in the Amended Complaint taken as true for the purposes of this motion, describe either decisions properly reached based on a union membership-wide interest -- to proceed expeditiously with discharge arbitrations, not to waste resources with last-minute adjournments, not to commit resources to in depth, pre-hearing investigations and negotiations, not to avoid a hearing, which the CBA specifically establishes as the ultimate forum for resolutions of disputes like a discharge, not to relinquish control of its arbitration to a stranger-attorney -- or reasonable trial strategies.[7] "Neglect" is not the standard by which a union's conduct may be adjudged a breach of its duty of fair representation. It takes much more. Indeed, on the facts alleged, at most the Union could be deemed neglectful, but fairly read under relevant law the Union's conduct was completely consistent with its duty.[8]

---

presented to the RAB in writing within 120 days of its occurrence, except for grievances involving suspension without pay or discharge which shall be presented within 45 days, unless the Employer agrees to an extension" and for superintendents who are discharged, where the limit if 15 days, CBA Art. XVI, ¶3, p. 57). Everyone was present at the arbitration and putting off the hearing so that plaintiff could, after more than 2 months, get additional documents would have been unreasonable.

[7] At a hearing, a decision not to call a parade of tenants to say that they had not observed Delgado do what he was fired for doing where there is nothing to suggest that they were witnesses to the events giving rise to that action, not to discuss a grievant's health, prior work history or an aged reference letter from a former employer, where the issue was improperly entering an apartment and removing property on a particular instance, is objectively reasonable. Further, there is nothing to suggest that these tenants were not available on that particular day, leaving the presumption that Delgado just did not bring them to the hearing.

[8] Delgado makes a stray reference to his treatment vis-à-vis a member of a larger union: "The Union cannot and should not treat this Union member any differently than any member of any larger union. He deserves equal treatment as any member of this union." Am. Compl. ¶5. The paragraph continues with assertions about the Union not negotiating with management to

10

Finally, for Delgado to state a claim for a DFR, the Union's conduct must have affected the outcome of the arbitration. Delgado fails to allege that the Union's conduct affected the outcome of the arbitration. In his original Complaint, however, Plaintiff specifically made such an assertion (Compl. ¶5), which he removed when he served the Amended Complaint. As the Court cautioned Plaintiff when he requested leave to amend his complaint that he would not have a second amendment to plead the case properly, the omission, we submit, was not unintended.

In sum, Delgado has not and cannot state a viable DFR claim against the Union. In the absence of such a claim, he is precluded from maintaining the hybrid 301 claim against AKSH. Consequently, Delgado's claims against AKSH must be dismissed.

## III.

## THE ARBITRATION AWARD CANNOT BE VACATED

Assuming, *arguendo*, Delgado has standing and has established the "indispensable predicate" of a viable DFR claim against the Union, the award is not subject to vacatur. Delgado's complaints about the award are, in essence, that Delgado's private counsel could dictate the scheduling and strategy at the hearing. Such a claim is insufficient as a matter of law.

Delgado contends that someone improperly refused to adjourn the hearing to allow Delgado to present certain evidence. Am. Compl. ¶6. The evidence, however, should have been ready to be presented at the scheduled hearing. There is not even a suggestion in the Amended Complaint that the Arbitrator rejected any evidence or did not grant a reasonable request for an adjournment.

---

avoid a hearing or to place Delgado in another position. As Delgado does not assert that the Union failed to follow the prescribed grievance and arbitration process, which includes pre-hearing steps, these assertions, vague and conclusory though they are, do not appear to be anything more that tangential comments.

11

A.  **Standard of Review of an Arbitration Award**

Subject to very limited judicial review, an unsuccessful participant in an arbitration will be bound by the result of an arbitration award according to the finality provisions of the collective bargaining agreement. *Del Costello* at 164, citing *W. R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 764 (1983); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960). "Absent a showing of arbitrary, discriminatory, or bad faith conduct, the award of an arbitrator whose decision the parties have contractually agreed to accept will be final and may not be disturbed." *Lettis* at 196; *Barr*, 868 F.2d at 43, *citing DelCostello*, 462 U.S. at 163-65. The Supreme Court's rationale for such limited review was that "the federal labor policy of settling labor disputes by arbitration would be undermined if courts could ultimately evaluate the merits of the award." *Hogan* at 745, citing *Enterprise Wheel*, 363 U.S. at 596. "A motion to vacate filed in federal court is not an occasion for de novo review of an arbital award. A federal court cannot vacate an arbital award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Nicholls* at *22.

The party seeking *vacatur* "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.* at *23 citing *Duferco v. T. Klaveness Shipping*, 333 F.3d. 383, 388 (2d Cir. 2003). Section 10 of the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.* (the "FAA") permits that an arbitration award may be vacated, *inter alia*, in the following instances:

1. Where the award was procured by corruption, fraud, or undue means.

    2.      Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient causes shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party may have been prejudiced.

    3.      Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

    4.      Where the award is contrary to explicit public policy.

Fed. Arbitration Act §10, 9 U.S.C. § 10 .

When an arbitrator exceeds his powers or so imperfectly executed them a court may vacate an award. *Hogan* at 745. "A court may also vacate an arbitration award if the decision was procured by fraud, or if the arbitrator was not impartial or was guilty of misconduct in refusing to hear material evidence." *Id.* None of the circumstances outlined above are met in this case. Arbitrator Pfeffer did not engage in any misconduct, nor is there any evidence or even allegation of bias.

### B.    The Arbitrator Did Not Improperly Exclude Evidence

Courts have interpreted subds. (1), (2), and (3) of §10 of the Federal Arbitration Act to require misconduct on the part of the arbitrator. *Nicholls* at * 24. Even assuming an error on the part of the arbitrator, it must be "in bad faith or so gross as to amount to affirmative misconduct." *Id.* citing *United Paper Workers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 (1987). The standard is very high and is not satisfied because the court disagrees with the arbitrator's factual findings or ultimate decision. *Nicholls* citing *Wallace*, 378 F.3d at 190. Arbitrator Pfeffer clearly did not engage in misconduct in this case. The complaint does not suggest that Arbitrator Pfeffer improperly denied any requests to adjourn, rather, as stated below, Plaintiff's new private counsel, who was without standing to demand anything, asked the Union

to adjourn. Am. Compl. ¶6. There is no suggestion that Delgado or his counsel asked the arbitrator to adjourn or stay the arbitration to obtain documentation. Compare Compl. ¶5 and Am. Compl. ¶6. Given its nature, the request, even if it had been made to the arbitrator, plainly was reasonably denied. There was plenty of time for Delgado to have obtained whatever documentation existed and assembled his witnesses during the time between his discharge and the hearing. If the documentation did not exist before his termination, its value would be highly questionable as it would almost certainly been hearsay statements of people's belief about Delgado. Am. Compl. ¶6. There is no suggestion that Delgado was precluded from testifying about his belief that he was an excellent employee, that he was dishonorably or otherwise discharged from the Marine Corp., that he suffered poor health or about anything else. *See*, Am. Compl. ¶6 and attachments to the Am. Compl. To the contrary, it appears that Delgado testified at the hearing, told his story, but was found "not [to be] a credible witness… ." Award, p. 4.

Nothing suggests that the arbitrator acted in bad faith or that he made an error – and certainly even if he made an error that it was so gross as to constitute misconduct. Hence, Delgado has not alleged that the award is subject to vacatur based on arbitrator misconduct.

C.  **There is no Suggestion that the Arbitrator was Biased**

In order to justify vacating an award on the grounds of bias, plaintiff must demonstrate "evident partiality" which exists "where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Nicholls* at *24-25 citing *Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d. Cir. 1984). A showing of "evident partiality" requires more than just the appearance of bias and adverse rulings by arbitrators are insufficient to establish evident partiality. *Nicholls, see British Ins. Co. of Cayman v. Water Street Ins. Co.*, 93 F. Supp. 2d 506, 520 (S.D.N.Y. 2000). There is no

allegation of any bias in this matter that would justify *vacatur* of the award. In fact, the Award grants Plaintiff severance pay, which under the CBA could have been denied to Plaintiff, as the arbitrator concluded that while there existed just cause for the discharge, Plaintiff's misconduct was not so egregious that he should be denied severance pay under the CBA.

The Court has only to determine if there is a colorable basis for the award. The Award's recitation of the documentation submitted in the hearing and the credibility determinations make clear that there is much more than merely a colorable basis for the Award and, therefore, the Court should not disturb the award.

### D.     Manifest Disregard for the Law

Delgado cannot show that the award issued in manifest disregard for the law. Delgado had the opportunity in support of his claim that "his firing by his employer was unjustified and was done arbitrarily and without just cause."[9] Am. Compl. ¶5. To the extent that those claims arise under statutory civil rights laws, they are not subject to the CBA's mandatory arbitration provisions. *Pyett v. Penn Bldg. Co.*, 06-3047-cv (2d Cir. August 1, 2007) Consequently, the award is not subject to vacatur for a manifest disregard for the law.

### E.     Federal Law Favors Finality of Arbitration Awards

Federal labor law embraces the policy of finality in labor disputes. One of the specific functions of arbitration is to settle disputes between employer and employee quickly, without

---

[9]     The CBA, Art. XVI, ¶3, p. 57, imposes special standards on an arbitrator reviewing the discharge of a superintendent: "The Arbitrator shall give due consideration to the Superintedent's fiduciary and management responsibilities and to the need for cooperation between the Superintendent and the Employer." Thus, the usual just cause standard is not applicable in a superintendent discharge case under the CBA, like this one. Further, the CBA provides for an expedited grievance filing in the case of a discharged superintendent. In that situation, a grievance must be filed within *fifteen days* (*compare*, CBA, Art. XVI, ¶3, p. 57 *with* CBA, Art. V, ¶7, p.14, which requires a discharge grievance to be filed for all other employees within *forty-five days*.

15

extensive judicial intervention. When courts have been called upon to review labor arbitration awards, they have promoted this need for finality. *See e.g., United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 566 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ; *Enterprise Wheel*, 363 U.S. at 599.

"The fact that an arbitrator came to a different or even erroneous conclusion on issue of intent or credibility does not warrant the *vacatur* of the arbitration award under statutory or common law principles." *Nicholls* at *39. Arbitrator Pfeffer weighed the credibility of witnesses and reached his decision. Award p. 4. There was clearly a colorable basis for the award upholding Delgado's discharge and as such the award should not be disturbed by this Court.

## CONCLUSION

For the reasons set out above, the Court should dismiss the complaint as to AKSH together with their costs and disbursements and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Attorney for Defendant A. Korenegay Senior House HDFC

Howard Rothschild (6008)
292 Madison Avenue
New York, New York 10017
Tel.:   (212) 889-4100
        and
CLIFTON BUDD & DeMARIA, LLP

by:
Robert A. Sparer (0355)
420 Lexington Avenue, Suite 420
New York, New York 10170
Tel.:   (212) 687-7410

DECEMBER 7, 2007