UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR DELGADO,

                    Plaintiff,

                                                        07 CV 7761 (DC)

          v.
                                                        ECF Case

A. KORENEGAY SENIOR HOUSE HDFC,
C/O PRESTIGE MANAGEMENT INC. AND
LOCAL 32BJ, SERVICE EMPLOYEES
INTERNATIONAL UNION,

                    Defendants.

-------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## LOCAL 32BJ's RULE 12(b)(6) MOTION TO DISMISS

Lyle D. Rowen (LR 6220)
Associate General Counsel
Local 32BJ, SEIU
101 Avenue of the Americas, 19th Floor
New York, NY  10013
212-388-3452 (telephone)
212-388-2062 (facsimile)

Attorneys for Defendant Local 32BJ

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS .............................................................................................2

ARGUMENT....................................................................................................................4

    A. DELGADO LACKS STANDING TO SEEK VACATUR AND
       MODIFICATION OF THE ARBITRATOR'S AWARD ISSUED UNDER
       A COLLECTIVE BARGAINING AGREEMENT ...........................................4

    B. DELGADO FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A
       CAUSE OF ACTION AGAINST LOCAL 32BJ FOR A BREACH OF ITS
       DUTY OF FAIR REPRESENTATION OWED TO DELGADO.....................4

        1.  Delgado's conclusory allegations that the Union failed to investigate the
            Employer's charges against Delgado and should have done more to secure
            Delgado's reinstatement do not state a claim upon which relief may be granted
            under a hybrid §301/DFR claim ..............................................................................5

        2.  Delgado's allegations that the Union refused to permit Delgado's private
            counsel to participate in the arbitration hearing, failed to call unnamed witnesses,
            failed to offer certain documents into evidence, and refused to adjourn the hearing
            date, are all matters within the tactical discretion of the Union and do not state a
            claim upon which relief may be granted  under a hybrid §301/DFR claim...............10

CONCLUSION.................................................................................................................14

TABLE OF AUTHORITIES

Air Line Pilots Assoc., Int'l v. O'Neill,
499 U.S. 65 (1991)......................................................................................5

Barr v. United Parcel Service, Inc.,
868 F. 2d 36 (2nd Cir. 1989).................................................................11,12

Castelli v. Douglas Aircraft Co.,
752 F.2d 1480 (9th Cir. 1985) ................................................................10

Coleman v. City of New York,
1999 U.S. Dist. LEXIS 19373  (E.D.N.Y. 1999)......................................7

Conley v. Gibson,
355 U.S. 41 (1957).....................................................................................5

Cooper v. Parsky,
140 F.3d 433 (2nd Cir. 1998).....................................................................5

Emanuel v. Int'l. Brotherhood of Teamsters, Local Union No. 25,
426 F.3d 416 (1st Cir. 2005).......................................................................7

Gordon v. Kings County Hosp. Ctr.,
2000 U.S. Dist. LEXIS 17440 (E.D.N.Y. 2000)......................................7

Henry v. Community Resource Center, Inc., et al.,
1996 U.S. Dist. LEXIS 6414 (S.D.N.Y. May 13, 1996) .........................10

Hines, et al. v. Anchor Motor Freight, et al.,
424 U.S. 554 (1976)...................................................................................8

Hishon v. Spalding,
467 U.S. 69 (1984) ....................................................................................5

Johnson v. United Steelworkers of Am., District 7,
843 F.Supp 944 (M.D. Pa. 1994)..............................................................10

Katir v. Columbia University,
15 F.3d 23 (2nd Cir. 1994)..........................................................................4

Lapir v. Maimonides Med. Ctr.,
750 F.Supp. 1171 (E.D.N.Y. 1990) ...........................................................8

Lettis v. United States Postal Service, et al.,
39 F.Supp.2d 181 (E.D.N.Y. 1998) ..........................................................10

Martinez v. Amalgamated Transit Union,
Local 1056, 2005 U.S. Dist. LEXIS 12252 (E.D.N.Y. 2005)............................................11

McNair v. N.Y. City Health & Hosp. Co.,
160 F. Supp.2d 601  (S.D.N.Y. 2001)..............................................................................6,7

Morris v. United Parcel Service, Local 804, Int'l Brhd. of Teamsters,
2001 U.S. Dist. LEXIS 8206 (S.D.N.Y. June 13, 2001) ............................................10,11

Mullen v. Bevona and Local 32B-32J, SEIU,
1999 U.S. Dist. LEXIS, 16434 (S.D.N.Y. Oct. 26, 1999) .................................................12

Nicholls v. Brookdale Univ. Hosp.,
2005 U.S. Dist. LEXIS 14144 (E.D.N.Y. July 14, 2005) ..................................................10

Olsen v. United Parcel Serv.,
892 F.2d 1290 (7th Cir. 1990) ...........................................................................................6

Pozo v. J.&J. Hotel, et al.,
2007 U.S. Dist. LEXIS 34143 (S.D.N.Y. May 10, 2007) ....................................................9

Simmons v. Local 1199, SEIU, et al.,
2005 U.S. Dist. LEXIS 2036 (S.D.N.Y. Feb. 14, 2005)......................................................8

Smith v. McDonnell Douglas Corp.,
107 F.3d 605 (8th Cir. 1997) .........................................................................................7,13

Spielmann v. Anchor Motor Freight, Inc.,
551 F. Supp. 817 (S.D.N.Y. 1982)..................................................................................8,13

Vaca v. Sipes,
386 U.S. 171 (1967)............................................................................................................5

White v. White Rose Food,
237 F.3d 174 (2001)............................................................................................................5

Statutes

Section 301 of the Labor Management Relations Act,
29 U.S.C. § 185...............................................................................................................1,4

28 U.S.C. §§1441 and 1446 ...............................................................................................1

## PRELIMINARY STATEMENT

Plaintiff, Victor Delgado ("Delgado" or "Plaintiff"), initially filed this action in New York State Supreme Court on July 30, 2007, seeking to vacate and modify a labor arbitration award issued under a collective bargaining agreement. In his initial complaint against his union and former employer, Delgado alleged that the arbitration award—which sustained the termination of his employment—should be vacated and modified because his union, Defendant Local 32BJ, Service Employees International Union ("Local 32BJ" or "Union"), illegally refused to allow Delgado's private attorney to participate in the arbitration hearing. On August 31, 2007, with the consent of all defendants, Local 32BJ removed this action based on this Court's original jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and pursuant to 28 U.S.C. §§ 1441 and 1446.

Prior to the initial conference held before this Court on October 5, 2007, Local 32BJ advised Plaintiff's counsel that applicable law is well-settled that an individual grievant, such as Delgado, has no right to private counsel during an arbitration proceeding under a labor contract. Delgado then refashioned his claims through an Amended Complaint, filed November 6, 2007. Though Delgado still fails to specify a proper cause of action under his Amended Complaint, he appears to be alleging a hybrid §301/duty of fair representation claim that his former employer—Defendant A. Korenegay Senior House HDFC, c/o Prestige Management Inc. ("Employer")—violated the labor contract by discharging him without just case and that Local 32BJ breached its duty of fair representation ("DFR") owed to Delgado by the manner in which the Union treated Delgado and the ensuing grievance challenging his discharge.

Under his Amended Complaint, Delgado now alleges that Local 32BJ breached its duty of fair representation owed to Delgado because (1) the Union did not investigate the Employer's

accusations against Delgado; (2) prior to the arbitration hearing, the Union did not demand a meeting with the Employer or otherwise secure Delgado's reinstatement to his job prior to advancing to the arbitration hearing; (3) at the arbitration hearing, the Union's attorney refused to allow Delgado to substitute his private counsel for the Union's attorney; (4) at the arbitration hearing, the Union's attorney failed to call certain unidentified witnesses or offer certain documents into evidence that Delgado believes would have assisted with the case; and finally (5) the Union's attorney refused to adjourn the hearing to a later date at Delgado's request.

In short, Delgado is unhappy with the arbitrator's decision that his discharge was for just cause under the collective bargaining agreement and is now using conclusory accusations of negligent representation by the Union as a basis for seeking an appeal on the merits of the arbitrator's award. However, Delgado alleges facts that, even if true, fail to state a cause of action against Local 32BJ for a DFR breach; therefore, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, pursuant to Rule 12(b)(6), the case should be dismissed in its entirety.

## STATEMENT OF FACTS

Delgado was employed by the Employer as a resident building superintendent for approximately one and a half years at the A. Korenegay Senior House, located at 2101 Lexington Avenue in Manhattan. Amended Complaint, Exhibit I, p.2. The terms of Delgado's employment were governed by a collective bargaining agreement between Local 32BJ and the Employer. Amended Complaint, Exhibit I, p.2. On or about January 18, 2007, the Employer terminated Delgado's employment on the basis of a history of documented problems during his short time on the job, including repeated warnings for insubordination, use of vulgar language,

2

and finally culminating with an incident involving Delgado entering the apartment of a deceased tenant on his day off and removing items of personal property that were never recovered. Amended Complaint, Exhibit I, p.2-3.

Delgado filed a complaint with Local 32BJ regarding his termination and Local 32BJ processed the claim as a grievance under the grievance procedure of the collective bargaining agreement covering Delgado's employment, culminating at the final step with an arbitration hearing before Arbitrator Earl Pfeffer held on April 5, 2007. Amended Complaint, Exhibit I, p.2. As alleged in the Amended Complaint, prior to the hearing, Delgado and his private attorney requested that Local 32BJ (1) adjourn and delay the hearing date; (2) allow Delgado's private attorney to participate in the arbitration on behalf of Delgado individually or as co-counsel with the Union's attorney; and (3) offer a hearsay document into evidence at hearing in the form of a petition which Delgado claimed was signed by tenants of this building attesting to his good character. Amended Complaint ¶ 6, Exhibits III & IV. The Union rejected Delgado's requests. Amended Complaint ¶ 6. At the arbitration hearing, the Union's attorney presented the Union's grievance challenging the Employer's decision to terminate Delgado's employment and called Delgado as a witness to testify on his own behalf in opposition to the Employer's accusations. Amended Complaint, Exhibit I.

On May 4, 2007, Arbitrator Pfeffer issued the Award that contained the following findings and order: (1) Delgado was not a credible witness; (2) the Employer had valid grounds for terminating Delgado's employment; (3) Delgado must vacate the superintendent apartment provided by the Employer within 30 days of the Award; and (4) the Employer must pay Delgado four (4) weeks wages as severance pay. Amended Complaint, Exhibit I, pp.4-5.

Without addressing the arbitrator's adverse credibility finding against him, or addressing the extensive and well-documented history of serious problems during his brief tenure on the job, Delgado filed this action in which he blames his Employer and his Union for his discharge and seeks $750,000 in compensation. Complaint ¶7.

## ARGUMENT

### A. DELGADO LACKS STANDING TO SEEK VACATUR AND MODIFICATION OF THE ARBITRATOR'S AWARD ISSUED UNDER A COLLECTIVE BARGAINING AGREEMENT.

On the face of the Amended Complaint, Delgado seeks vacatur and modification of the arbitrator's award to provide Delgado with reinstatement to his former position or another position. Amended Complaint, p.2. Delgado also seeks compensatory damages and/or severance pay and attorneys fees. Id. It is well-settled that "an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." Katir v. Columbia University, 15 F.3d 23, 24-25 (2nd Cir. 1994). Because Delgado was not a party in the arbitration proceeding, he has no standing to seek vacatur or modification of the Award with this Court. Id. However, as discussed below, the exception to this rule is where the individual claims that the union breached its duty of fair representation. Id.

### B. DELGADO FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST LOCAL 32BJ FOR A BREACH OF ITS DUTY OF FAIR REPRESENTATION OWED TO DELGADO.

Broadly construed, Delgado's Amended Complaint may be read to allege a hybrid claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; a cause of action alleging the dual claims that the Employer fired him in violation of the collective bargaining agreement and Local 32BJ breached its duty of fair representation ("DFR") by failing to

4

represent Delgado for reasons that were arbitrary, discriminatory or in bad faith.  See Air Line

Pilots Assoc., Int'l v. O'Neill, 499 U.S. 65, 67 (1991).  However, even construing Plaintiff's

allegations to state a DFR claim against the Union, this action must still be dismissed pursuant to

Rule 12(b)(6) because all the allegations, even if taken as true, are insufficient to state a claim

upon which relief may be granted.  See Hishon v. Spalding, 467 U.S. 69, 73 (1984) (citing

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir.

1998).

     Delgado's Amended Complaint consists largely of meaningless subjective opinions about

how the Union should have treated him.[1]  As detailed below, the factual allegations of the

Amended Complaint are either conclusory or legally insufficient to state a claim under §301.

     **1.**    **Delgado's conclusory allegations that the Union failed to investigate the Employer's charges against Delgado and should have done more to secure Delgado's reinstatement do not state a claim upon which relief may be granted under a hybrid §301/DFR claim.**

     To state a claim for breach of the duty of fair representation, a plaintiff must allege facts

that show either arbitrary, discriminatory or bad faith conduct on the part of the union.  Air Line

Pilots Assoc., Int'l v. O'Neill, 499 U.S. 65, 67 (1991); Vaca v. Sipes, 386 U.S. 171, 177 (1967);

White v. White Rose Food, 237 F.3d 174, 178-79 (2001).

     In Paragraph 5 of the Amended Complaint, Delgado alleges that Local 32BJ "did not

investigate the charges against Victor Delgado and did not demand a meaningful meeting with

---

[1]    For example, Paragraph 5 states, "The Union cannot and should not treat this Union member any differently than any member of any larger Union.  He deserves equal treatment as any member of this union."  Delgado goes on in Paragraph 5 to state, "The union functions as an aid [sic] to its members or owes their members a certain amount of loyalty."  Delgado never alleges that he *was* treated any differently than any other member of the Union, or if he was, *how* he was so differently treated.

management to resolve this dispute." He continues, "The Union did took [sic] absolutely no actions initially to avoid any hearings or to help Delgado keep his position or obtain another position." There are two deficiencies with this pleading: (1) these are entirely conclusory allegations that fail to specify any facts reflecting how the Union's alleged conduct reflected arbitrary, discriminatory or bad faith treatment of Delgado; and (2) these allegations are contradicted by Delgado's own complaint which reflects that the Union processed the grievance challenging Delgado's discharge through to the final step of the grievance procedure of binding arbitration.

Delgado's assertion that the Union did not investigate the Employer's accusations against Delgado fails to specify any facts that, even if true, would demonstrate that the Union's conduct was the result of treatment that was arbitrary, discriminatory or in bad faith. Such allegations are insufficient to survive a motion to dismiss. Courts have consistently held that except in cases involving a Union's refusal to investigate a grievance based on unlawful motives toward the member, a union's duty to investigate each grievance not "a strict obligation." Olsen v. United Parcel Serv., 892 F.2d 1290, 1295-96 (7th Cir. 1990) ("The mere failure to investigate, in itself, does not constitute a breach of the duty of fair representation."). As discussed more fully below, Delgado's bald claim that the Union failed to investigate the Employer's accusations again him, without more, does not state a claim for a breach of the Union's duty of fair representation.

In McNair v. N.Y. City Health & Hosp. Co., 160 F. Supp.2d 601 (S.D.N.Y. 2001), the plaintiff brought a similar DFR claim alleging that her union "mishandled" her case, that the union representatives were incompetent, and that her union took her claim to arbitration "unprepared." Id. at 605. In granting the union's Rule 12(b)(6) motion, Judge Mukasey of this District held that such bare allegations without additional facts demonstrating that the union's

6

conduct was motivated by arbitrary, discriminatory or bad faith hostility against the plaintiff, did

not state a claim and must be dismissed: "At best, these allegations support only an inference of

negligence, which is insufficient to show a breach of the Union's duty of fair representation." Id.

See also, Gordon v. Kings County Hosp. Ctr., 2000 U.S. Dist. LEXIS 17440, *8-9 (E.D.N.Y.

2000) (dismissing DFR claim under 12(b)(6) where "plaintiff alleges no facts indicating that the

Union acted arbitrarily, capriciously, or in bad faith. . . [C]onstrued liberally, [plaintiff's]

conclusory and broad allegations of failure of representation cannot be the basis of a cognizable

claim."); Coleman v. City of New York, 1999 U.S. Dist. LEXIS 19373, *11-12 (E.D.N.Y. 1999)

(dismissing duty of fair representation claim, ruling that "[a] complaint which consists of

conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule

12(b)(6)") (internal citations and quotations omitted).

     Moreover, when a plaintiff brings a duty of fair representation claim against his union

based on an allegedly inadequate investigation, the burden is on the plaintiff to show *how* further

investigation would have aided him. Smith v. McDonnell Douglas Corp., 107 F.3d 605, 609 (8th

Cir. 1997). The mere allegation that the union's investigation was inadequate is insufficient to

state a claim for DFR unless the plaintiff further demonstrates how the union's greater diligence

would have affected the outcome in favor of the plaintiff. Id. In Emanuel v. Int'l. Brotherhood

of Teamsters, Local Union No. 25, 426 F.3d 416 (1st Cir. 2005), the First Circuit held there was

no breach of DFR even though the union had failed to interview witnesses that the plaintiff had

identified because the plaintiff had "not demonstrated, as he must, that any of these employees

would have provided beneficial information." Id. at 420. "Plaintiff must set forth concrete,

specific facts from which one can infer a union's hostility, discrimination, bad faith, dishonesty,

or arbitrary exercise of discretion. Conclusory allegations, without specifying supporting facts to

show a union's lack of good faith, fail to state a valid claim." <u>Lapir v. Maimonides Med. Ctr.</u>, 750 F.Supp. 1171, 1178 (E.D.N.Y. 1990), citing <u>Spielmann v. Anchor Motor Freight, Inc.</u>, 551 F. Supp. 817, 822 (S.D.N.Y. 1982).

For an example how a plaintiff sufficiently alleged a DFR claim concerning his union's failure to investigate, see <u>Simmons v. Local 1199, SEIU, et al.</u>, 2005 U.S. Dist. LEXIS 2036 (S.D.N.Y. Feb. 14, 2005) (Casey, J.). In <u>Simmons</u>, the plaintiff's termination was sustained by the arbitrator on the employer's claim that the plaintiff had in fact resigned during a meeting at which the plaintiff, the employer and his union delegate were present. Because the arbitrator relied on the union delegate's representation that she was in fact present during that meeting—a fact that the plaintiff disputed at arbitration—the court found a triable issue of fact concerning plaintiff's allegation in the subsequent DFR suit that the union purposefully failed to investigate whether or not the delegate was in fact present during the critical meeting as concluded by the arbitrator. The court held that because the Union's failure to investigate this crucial factual issue could have been motivated by a desire to conceal a false representation by the union delegate, the court ruled that such an allegation, if true, could substantiate a finding of bad faith by the union and therefore states a claim under §301/DFR. <u>Simmons</u>, 2005 U.S. Dist. LEXIS 2036 *18-20.

Delgado's complaint that the Union "did not demand a meaningful meeting with management" and "should have done everything within their power to resolve this dispute" are directly refuted by the fact that the Union filed a grievance and processed this dispute through to a full arbitration hearing, which it had no legal obligation to do. It is well established that a union is not required to process a grievance through arbitration. <u>Hines, et al. v. Anchor Motor Freight, et al.</u>, 424 U.S. 554, 567 (1976) ("If the individual employee could compel arbitration of his grievance regardless of its merit . . . the settlement machinery provided by the contract would

be substantially undermined."). "A union has broad discretion in its decision whether and how to pursue an employee's grievance against an employer." <u>Pozo v. J.&J. Hotel, et al.</u>, 2007 U.S. Dist. LEXIS 34143 *35 (S.D.N.Y. May 10, 2007) (Peck, J.). In this case, despite the Union expending the maximum reach of the grievance machinery on Delgado's behalf, he still complains that it was not enough without alleging how additional efforts would have delivered a better result. Specifically, Delgado fails to allege how a "meaningful meeting with management" would have secured a Delgado's reinstatement when the Employer was willing to expend the considerable time and expense of a full arbitration hearing to ensure that Delgado did not return to work.

Delgado accuses the Union of violating his rights by not investigating more thoroughly and not holding meetings with his Employer to save his job; however, *no where* in his Amended Complaint does Delgado assert how such additional actions by the Union could have exonerated Delgado from the multitude of work performance complaints and written warnings that filled his personnel file—and upon which the arbitrator relied in issued his ruling—to have affected the outcome of the arbitration. *No where* in the Amended Complaint does Delgado allege how such further efforts by the Union would have vindicated Delgado from the undisputed facts that he entered a tenant's apartment on his day off and removed items.[2] Rather than setting forth facts to demonstrate why he was wrongfully terminated and how the Union could have prevailed on the merits of his discharge grievance, but for their unlawful treatment of him, Delgado instead chooses to cast empty blame on everyone but himself without substantiating any of his conclusory allegations. Accordingly, Delgado's DFR claims claim against Local 32BJ should be dismissed.

---

[2]    Delgado testified at the hearing that his supervisor, Moraine Davie, instructed him to enter the apartment and remove items to prepare it for the next tenant. The arbitrator found Delgado's testimony not credible and credited Ms. Davis' testimony. Amended Complaint, Exhibit I, pp.3-4.

    **2.**      **Delgado's allegations that the Union refused to permit Delgado's private counsel to participate in the arbitration hearing, failed to call unnamed witnesses, failed to offer certain documents into evidence, and refused to adjourn the hearing date, are all matters within the tactical discretion of the Union and do not state a claim upon which relief may be granted under a hybrid §301/DFR claim.**

Paragraph 6 of Delgado's Amended Complaint contains four separate allegations that all fall into the well-settled area of the Union's discretion concerning tactical decisions about how to conduct an arbitration hearing under its collective bargaining agreement. All of the complaints raised by Delgado concerning the Union's conduct of the hearing—refusing private counsel, not calling unnamed witnesses, not offering certain documents and refusing to adjourn the hearing date—involve facts that, even if true, fail to state a claim upon which relief can be granted under Plaintiff's hybrid §301/DFR claim.

Delgado first asserts that he had a legal right to have his private attorney participate in the grievance arbitration hearing. Delgado's claim is wholly without merit as a matter of law. "No court has adopted the rule that employees are entitled to independently retained counsel in arbitration proceedings, or that the exclusion of such attorneys from arbitration violated the duty of fair representation." Morris v. United Parcel Service, Local 804, Int'l Brhd. of Teamsters, 2001 U.S. Dist. LEXIS 8206 at *6 (S.D.N.Y. June 13, 2001) (Ellis, J.), citing Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1484 (9th Cir. 1985); see also, Johnson v. United Steelworkers of Am., District 7, 843 F.Supp 944, 947 (M.D. Pa. 1994) (same). Contrary to Delgado's assertions, "[a] grievant has no right to a private attorney, or even to require a union to utilize any lawyer, at an arbitration." Lettis v. United States Postal Service, et al., 39 F.Supp.2d 181, 198 (E.D.N.Y. 1998), citing Henry v. Community Resource Center, Inc., et al., 1996 U.S. Dist. LEXIS 6414 (S.D.N.Y. May 13, 1996); see also, Nicholls v. Brookdale Univ. Hosp., 2005 U.S. Dist. LEXIS 14144 at *35 (E.D.N.Y. July 14, 2005) (Weinstein, J.) (same).

The Courts' rationale for this bright-line rule rests on a union's status as the exclusive representative of the employees: "The participation of an employee's privately-retained counsel in the grievance process could undermine this policy of exclusive representation." Morris, 2001 U.S. Dist. LEXIS 8206 *8. Under this unanimous legal precedent, Delgado's claim must be dismissed. "Plaintiff cannot prevail on this claim because there is no right for an individual grievant to be represented by his own counsel at any stage of the grievance procedure, including arbitration." Morris, 2001 U.S. Dist. LEXIS 8206 *6-7.

Delgado's remaining factual allegations are similarly related to his misguided belief that he, not the Union, determines how the arbitration hearing is conducted and that the Union attorney must obey his tactical decisions. Specifically, Delgado claims that the Union should have called additional—yet unnamed—witnesses, offered additional documentary evidence and adjourned the arbitration hearing to permit Delgado and his private attorney to present additional evidence on Delgado's behalf. Complaint ¶6. The law is equally well-settled on that such allegations fail to state claim for breach of a union's duty of fair representation.

The Second Circuit has long held that a union's tactical decisions—such as whether to offer certain evidence at arbitration or to seek a stay of the arbitration—even if later found to be erroneous, are not subject to judicial scrutiny under a DFR claim as a matter of law. Barr v. United Parcel Service, Inc., 868 F. 2d 36, 43-44 (2nd Cir. 1989), *cert. denied*, 493 U.S. 975 (1989) (union's decision not to call witness at arbitration hearing not actionable since "tactical decisions are insufficient to show a breach of the duty of fair representation"). "Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." Simmons v. Local 1199, SEIU, et al., 2005 U.S. Dist. LEXIS 2036 (S.D.N.Y. Feb. 14, 2005) (Casey, J.), citing Barr, 868 F.2d at 43. See also, Martinez

v. Amalgamated Transit Union, *Local 1056*, 2005 U.S. Dist. LEXIS 12252, at \*21-22 (E.D.N.Y.

2005) (union attorney's strategy decisions in arbitration hearing, even if erroneous, are not

actionable as DFR).

    Similarly, Delgado's assertion that Local 32BJ was obligated to follow his private

attorney's instructions to seek a stay of the arbitration fails to state a cognizable claim as a matter

of law. Mullen v. Bevona and Local 32B-32J, SEIU, 1999 U.S. Dist. LEXIS, 16434 at \*14

(S.D.N.Y. Oct. 26, 1999) (union's refusal to comply with plaintiff's requests to adjourn

arbitration hearing and obtain additional evidence that plaintiff believed would assist with

arbitration does not state a DFR claim).

    As discussed above regarding Delgado's perfunctory claim that the Union did not

adequately investigate his discharge, Plaintiff also never asserts exactly what exculpatory

evidence would have been revealed through his mystery witnesses, hearsay documents[3] and

necessary adjournments. Any DFR plaintiff must allege not only facts to substantiate the union's

arbitrary, discriminatory or bad faith treatment of the complaining member, but also how such

treatment affected the outcome of the member's claim. Barr, 868 F.2d at 43 (in order to prevail

under a DFR claim, plaintiff must demonstrate that the union's conduct at arbitration impacted

the arbitrator's decision). "[T]he conclusory allegation that the Union failed to call unnamed

---

[3]    Delgado attached 10 documents as exhibits to his Amended Complaint. Delgado makes no effort to explain how any of the documents, if admitted into evidence by the Union, were relevant to the grievance or how they would have changed the arbitrator's findings that Delgado did not testify credibly and that his discharge was for just cause based on his poor work history and the accusation concerning his unauthorized entry into a deceased tenant's apartment. The documents are (1) a letter dated May 14, 2007, from a psychiatrist representing that he is treating Delgado for depression; (2) an undated letter from Delaware Valley Hospital representing that Delgado was treated for alcoholism in 2000; (3) an April 20, 2007, medical prescription of Lexapro for Delgado; (4) an April 18, 2007, letter from Trinity Medical representing that Delgado has a history of high cholesterol, migraines, weight loss, insomnia and backache; (5) an unsigned letter dated January 31, 2007, from "The Tenant Committee" disparaging a building manager; (6) a January 29, 2007, tenant petition in support of Delgado; (7) a copy of Delgado's 1970 discharge certificate from the U.S. Marine Corps; (8) an unsigned, self-serving letter from Delgado to "whom it may concern," dated January 20, 2007; (9) Delgado's resume; and (10) a March 5, 1985, letter of recommendation on behalf of Delgado from Pelican Management.

witnesses it knew could have corroborated the plaintiff's allegations is simply too general, without more, to sustain an unfair representation claim." Spielmann v. Anchor Motor Freight, Inc., 551 F.Supp. 817, 823 (S.D.N.Y. 1982); see also Smith v. McDonnell Douglas Corp., 107 F.3d 605, 609 (8th Cir. 1997).

The Plaintiff in this case is conspicuously silent on this requirement of his claim: Delgado makes no attempt to explain how his second-guessing of the Union's attorney's tactical decisions would have helped overcome Delgado's lack of credibility as found by the arbitrator (Amended Complaint, Exhibit I, p.4), his well-documented work history of repeated insubordination and use of loud and vulgar language on the job (Amended Complaint, Exhibit I., p.3), or his unauthorized entry into a deceased tenant's apartment on his day off to remove items that were never recovered (Amended Complaint, Exhibit I, p.4). Absent factual allegations demonstrating how Delgado would have been fully vindicated from this wrongdoing, but for the Union's arbitrary, discriminatory and bad faith treatment of him, Delgado falls short of satisfying the minimum pleading requirements of this claim.

Plaintiff in this case believes that by simply accusing the Union of violating his rights and claiming that the Union should have done more to get him his job back, that he has stated a hybrid §301/DFR claim. However, despite amending his complaint, Delgado has still failed to plead the necessary facts to state a claim upon which relief can be granted.

## **CONCLUSION**

For the reasons set forth above, Defendant Local 32BJ respectfully requests that this Court issue an order granting this motion under Rule 12(b)(6) and dismissing Plaintiff's Amended Complaint with prejudice.

Dated: New York, New York
        December 7, 2007

Respectfully submitted:

Office of the General Counsel
SEIU, Local 32BJ

By: _____
        Lyle D. Rowen (LR 6220)

Associate General Counsel
SEIU, Local 32BJ
101 Avenue of the Americas, 19th Floor
New York, NY  10013
212-388-3452 (telephone)
212-388-2062 (facsimile)

Attorneys for Defendant Local 32BJ