UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR DELGADO
                Plaintiff            **ANSWER IN OPPOSITION TO**
                                                        **DEFENDANTS (2)**
           -against-                    **MOTION TO DISMISS**

1) A. Korenegay Senior House HDFC      Index # 07-110426
   c/o Prestige Management Inc.
2) Local 32BJ - Service Employees
   International Union
                Defendants

        I hereby affirm under penalties of perjury to the following:

1.     I am an attorney duly admitted to practice law in the State of New York and the Southern District of New York.

2.     I make this affirmation in opposition to the Motion to Dismiss made by the two defendants.

3.     The Plaintiff's Amended Complaint dated November 3, 2007 sufficiently details the Plaintiff's position with regard to all issues and specifically to the issues which the defendants have emphasized in their Motion to Dismiss.

4.     I will attempt to answer the issues raised by the defendants in the order that the defendants outlined in their issues in their Motion to Dismiss.

        The defendants raise the issue under Rule 12(b) that this case should be dismissed where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". The defendants cite Rule 12(b) in general terms but do not detail with specificity what part of Rule 12(b) they are referring to. The Plaintiff have stated a claim upon which relief can be granted. The amended complaint has sufficiently stated a claim upon which relief can be granted. Rule 12(b) also deals with Motions for Summary Judgement pursuant to Rule 56. The defendants did not argue for a dismissal pursuant to Rule 56. It is the Plaintiff's position that there are issues of fact and therefore this case should be submitted to a jury for any type of decision.

        The District Court must read the facts alleged in the complaint in a light most favorable to the plaintiff, and accept these allegations as true. Tower AIR, 956F. Supp. at 276-277. In Bell Atlantic Corp. vs. TWON BLY 127 S. Ct. 1955, 167 L. ED. 2d929 (2007) the supreme court rejected the "oft-quoted" standard set forth

   in Conley vs. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". On the contrary, the plaintiff has submitted a complaint with exhibits which clearly demonstrate that the plaintiff can prove his claims. The complaint and exhibits are not labels and conclusions but are definite recitations and factual allegations which raise a right to relief. The allegations in the complaint are all true and accurate.

5. The defendants allege that Delgado did not have standing. The complaint clearly alleges that the union breached its duty of fair representation that Delgado was entitled to. The complaint under paragraph #5, 6 and 7 state numerous allegations against the union. The allegations claim that the union did not attempt to investigate the allegations against Victor Delgado; did not attempt to mitigate the tensions between management and Victor Delgado; did not attempt to arrange a meeting of all parties in an attempt to resolve the dispute; did not attempt to assist in any manner to have Delgado maintain his position as a superintendent or obtain a new position as a superintendent. The Union continued to operate in a vacuum during the preparation of Delgado's case before the Arbitrator. The attorney for the union failed to obtain an adjournment of the proceedings in order to have witnesses testify on behalf of Delgado. A Petition signed by numerous tenants on behalf of Delgado was submitted to the Union's Attorney.

   In addition, the union attorney was also advised of various documents including work records, honorable discharge from the US Marine Corps., performance records, etc. The Union Attorney refused to acknowledge these records and refused to discuss these documents with Delgado.

   The union attorney was not prepared and made no attempt to prepare for the Arbitration Hearing. It is my understanding that Delgado was entitled to one adjournment as of right which was not granted and to the best of my knowledge was not requested by the union attorney. It is plaintiff position that there was a breach of duty by the union to representing him and they were careless and negligent in their representation. None of the decisions made by the union could be considered as tactical decisions undertaken in good faith. The actions by the attorney for the union was arbitrary and affected his ability to perform his duties before the arbitrator. As a result of the union attorney's actions, Delgado lost his superintendent position.

6. The defendants rely heavily on the "Standard of Review of an Arbitration Award".

   It is the plaintiff's position that an Arbitration Award to be considered just and fair to all parties must be based on all of the facts of this case. Where evidence was not presented or was not presented in full then the arbitrator's decision was based on bad faith. We are not arguing that the arbitrator's award was based upon disputed facts. The arbitrator never had to opportunity to hear the plaintiff's

case fully. We are not arguing to vacate an arbitration award on any other ground except that the plaintiff never had the opportunity to have his case heard based on all the facts of the case. It is our position that the arbitration award should be vacated for two reasons.

1) The award was procured by undue means, namely that the arbitrator did not hear all of the evidence in this case; and

2) The arbitrator was guilty of misconduct in refusing to postpone the hearing where sufficient causes were shown and in refusing to hear evidence pertinent and material to the controversy and the arbitrators conduct or behavior affected the rights of the plaintiff and the plaintiff was prejudiced by the arbitrator's conduct as stated above.

The plaintiff has met his burden and has demonstrated that where an arbitrator exceeds his powers or so imperfectly executed them then a court may vacate the award. The plaintiff has also demonstrates that the arbitrator was guilty of misconduct in refusing to hear material evidence. The actions of the arbitrator to expedite this case without any deference to the correct outcome of this case show or demonstrates a misconduct by the arbitrator and therefore the plaintiff's right were prejudiced.

The defendant's motion states that the plaintiff requested the union to request an adjournment of the hearing. The plaintiff was advised that the request for the adjournment was denied by the arbitrator even though it was plaintiff's position that he was entitled to a one time adjournment as of right. If the union attorney had completed an investigation of all evidence in this case then Delgado's testimony could have been verified. Here again, the union's negligence and lack of preparation resulted only in partial presentation of the plaintiff's case. Clearly, the plaintiff was prejudiced by the action of all of the defendants. The court did hold that the plaintiff's conduct was not so egregious and did award severance pay which was never paid to the plaintiff.

## Conclusions

For the reasons set out above, the court should deny defendants motion to dismiss the complaint together with their costs and disbursements and such other and further relief as this court may deem just and proper.

Dated: New York, New York
       December 31, 2007

                    Respectfully submitted

_____
Amelio P. Marino (3644)

Marino & Veneziano
Attorney for Plaintiff
163 West 71st Street
New York, NY 10023
(212) 873-7297

cc:    Howard Rothschild
       Attorney for A. Korenegay
       Senior House HDFC
       292 Madison Avenue
       New York, NY 10017
       212-889-4100

cc:    Clifton Budd & De Maria, LLP
       By Robert A. Sparer
       420 Lexington Avenue
       Suite 420
       New York, NY 10170
       212-687-7410