UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VICTOR DELGADO,                                          :
                                                         :
                      Plaintiff,                         :
                                                         :   Docket No. 07-CV-7761 (DC) (MHD)
              v.                                         :
                                                         :
A. KORENEGAY SENIOR HOUSE HDFC,                          :
REALTY ADVISORY BOARD ON                                 :
LABOR RELATIONS, INC. and  LOCAL                         :
32BJ – SERVICE EMPLOYEES                                 :
INTERNATIONAL UNION,                                     :
                                                         :
                      Defendants.                        :
                                                         :
------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS A. KORENEGAY SENIOR HOUSE HDFC's MOTION TO DISMISS THE AMENDED COMPLAINT

Attorneys for Defendant A. Korenegay Senior House HDFC
Robert Sparer
CLIFTON BUDD & DeMARIA, LLP
420 Lexington Avenue, Suite 420
New York, New York 10170
Tel.:   (212) 889-4100
            and
Howard Rothschild
292 Madison Avenue – 16th Floor
New York, New York 10017
Tel.:   (212) 889-4100

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

DISCUSSION ..................................................................................................................................2

      I.      STANDARD GOVERNING 12(b) MOTION TO DISMISS ................................. 2

      II.     DELGADO LACKS STANDING TO SEEK TO VACATE THE AWARD ........ 2

      III.    THE ARBITRATION AWARD CANNOT BE VACATED................................. 4

CONCLUSION.................................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 2

*Cruz v. Local Union No. 3 of the Int'l Bhd. of Elect. Workers,* 34 F.3d
    1148 (2d Cir. 1994) ................................................................................................ 3

*United Steelworkers of Am. v. Rawson,* 495 U.S. 362 (1990) ......................................................... 3

**PRELIMINARY STATEMENT**

Victor Delgado ("Delgado" or "Plaintiff"), the plaintiff in this action, which was removed from New York Supreme Court, seeks to vacate an adverse arbitration award upholding his discharge by A. Korenegay Senior House HDFC, ("AKSH"), one of the defendants.[1] Correctly described, Delgado is seeking vacatur of that award in this "hybrid §301/ fair representation" action against his Union, Service Employees International Union Local Union 32BJ (the "Union" or "Local 32BJ") and his former employer, AKSH.[2] The RAB, though it is not clear from the papers, is a party to the applicable collective bargaining agreement (the "CBA").[3] Delgado has failed to state a claim against the Union, a necessary condition to seek to vacate an arbitration award and has failed to show, assuming, *arguendo*, that he has standing, that the award should be vacated.

The defendants separately moved to dismiss the amended complaint. On January 3, 2008, Delgado filed his "Answer in Opposition to Defendants (2) Motion to Dismiss" (the "Answer"). AKSH submits this memorandum in reply to that Answer.

In the Answer, Delgado has merely recited the standard and reiterates some of the allegations in the amended complaint with little relevant factual detail and a great many conclusory statements. Delgado still relies on the Union's purported negligence, which is insufficient as a matter of law (not fact) to sustain a claim that the Union breached its duty of fair

---

[1] At a conference with the Court, Plaintiff requested leave to serve an amended complaint, which he did in a timely manner without making any claims against the Realty Advisory Board on Labor Relations, Inc., which was named in the original complaint.

[2] All exhibits referred to in this Memorandum of Law, unless otherwise specified are attached to Howard I. Rothschild's Affirmation in Support of the Motion to Dismiss ("Rothschild Aff."), which was filed previously. All references to Plaintiff's Complaint, Exhibit 1 are denoted as "Compl. ¶ ___." All references to Plaintiff's Amended Complaint, Exhibit 2, are denoted as "Am. Compl. ¶___".

[3] Plaintiff's Amended Complaint does not describe the parties. As the applicable collective bargaining agreement (Exhibit 4) is implicitly referred to in the complaint, it is appropriate for consideration by the Court even in this pre-answer motion to dismiss.

1

representation. The claims are simply not plausible: the Union did not breach its duty of fair representation as a matter of law and the Arbitrator on the facts alleged did not commit any misconduct. Hence, Plaintiff is without standing, the award is otherwise valid and this action should be dismissed.

## DISCUSSION

### I.
### STANDARD GOVERNING 12(b) MOTION TO DISMISS

Delgado, quoting AKSH's main brief in the Answer, ¶4, agrees with AKSH that *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), requires that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.,* 127 S. Ct. at 1974 and that this is the appropriate standard.

Plaintiff does not take issue with the Court considering the CBA. In fact, in the third paragraph in paragraph 5 of the Answer, Delgado refers to "one adjournment as of right…" which seems to refer to the CBA.

Applying these standards, this Court should grant AKSH'S motion.

### II.
### DELGADO LACKS STANDING TO SEEK TO VACATE THE AWARD

As explained more fully in AKSH's main brief, the Union exercised its authority to control and direct the arbitration. Delgado, in the Answer, merely points to the same "facts": (1) the Union did not investigate the grievance; (2) it did not "attempt to mitigate the tensions between management and Victor Delgado"; (3) the Union "did not arrange a meeting of all parties in an attempt to resolve the dispute"; (4) the Union did not "attempt to assist in any manner to have Delgado maintain his position… or obtain a new position…"; (5) the Union "acted in a vacuum"; (6) the Union did not obtain an adjournment to have witnesses testify; and

2

(7) the Union did not use a tenant petition or other documents. Answer, ¶5. All these "facts" were addressed in the motion. Delgado merely points to them and fails to explain why AKSH or in what way AKSH is mistaken. Rather, Delgado *again* announces that the Union's conduct was "careless and negligent... ." Answer, ¶5, third paragraph. As explained in the main brief, which Delgado leaves uncontradicted, negligence by a union is insufficient as a matter of law to establish a breach of the duty of fair representation. See *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73 (1990); *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elect. Workers*, 34 F.3d 1148, 1154 (2d Cir. 1994).

Delgado fails to respond to a single legal argument about the Union's duty. He does not discuss why the exhibits that were supposedly rejected could have affected the arbitration's outcome. He fails to discuss why or how the Union's conduct was anything other than its legitimate exercise of its discretion in presenting a case. Delgado simply points at the facts and ignores the applicable law. At bottom, Plaintiff's "facts" demonstrate that the Union made judgment calls about how to proceed with the arbitration. The proffered exhibits have no apparent relevance or persuasiveness. Finally, contrary to Delgado's impassioned, though conclusory assertion that "[a]s a result of the union attorney's actions, Delgado lost his superintendent position" (Award, ¶5, third paragraph), Delgado lost his position because of his own misconduct and his discharge was sustained after a full and fair hearing because the arbitrator did not believe Delgado's testimony.[4] The Arbitrator had the authority to make credibility determinations and nothing proffered by Plaintiff was relevant to the final incident

---

[4] Plaintiff makes statements suggesting that the Union has some obligation to a member to avoid arbitration and to seek other avenues to resolve disputes and to find alternate employment for its members. See, Answer, ¶5, first paragraph. Delgado offers no legal support for this novel argument. Further, the CBA provides for arbitration as the ultimate dispute resolution mechanism, which the Union used to support Delgado's efforts to reverse his discharge.

3

between Plaintiff and the manager for AKSH. The arbitrator disbelieved Plaintiff's testimony about the final incident.

### III.
### THE ARBITRATION AWARD CANNOT BE VACATED

As set out in detail in AKSH's main brief, even if, *arguendo*, Delgado has standing, there is no basis to disturb the award. In the Answer, Delgado narrows his claim that the award should be vacated to two theories: (1) the Arbitrator did not hear all the evidence; and (2) the Arbitrator refused to adjourn the hearing and refused to hear evidence.

Delgado's first basis for *vacatur* is not legally cognizable, except to the extent that it is subsumed in the second basis. Plaintiff has not alleged that the exhibits were offered to the Arbitrator, but not accepted in evidence. The logical interpretation of the allegations is that the exhibits were never presented at the hearing. Taken separate from the second theory, the first theory would be that the Arbitrator erred by not considering evidence that was not presented to him. Delgado has not pointed to any authority that requires arbitrators to be omniscient.

With respect to the second theory, Delgado offers a new fact that was not alleged in the amended complaint: that the arbitrator did, in fact, deny the requested postponement.[5] This new allegation is peculiar. In the amended complaint, ¶6, Delgado specifically alleges that "[t]he union attorney refused to make such a request." In the Answer, Delgado asserts "[t]he plaintiff was advised that the request for the adjournment was denied by the arbitrator even though it was

---

[5] In addition, Delgado alleges that the severance pay ordered by the Arbitrator was not paid. As the summons makes clear, exhibit 1, Delgado did not vacate the apartment within 30 days of the award as the award requires. We respectfully submit that these allegations are not material to the issues on this motion to dismiss.

4

plaintiff's position that he was entitled to a one time adjournment as of right." Answer, ¶6, subd. 2, second paragraph.[6]

There are two problems with this new assertion. First, it directly contradicts the amended complaint. If, as the Court is bound to, the allegations of the complaint are taken as true, this contrary "fact" must not be considered. Second, the Court was quite clear: Delgado could amend the complaint once and that was all. This new allegation, if considered, would constitute a second amendment to the complaint.

Assuming, *arguendo*, that the Court considers that the Arbitrator rejected the exhibits that were attached to the amended complaint (even though there is no allegation that the exhibits were offered and rejected by the Arbitrator or that the Arbitrator even knew that these pieces of "evidence" existed), Plaintiff relies, in purely conclusory fashion, on the exhibits to establish that the Arbitrator excluded material evidence. The exhibits are simply immaterial.[7]

The question at arbitration was whether Delgado engaged in specific misconduct. Items 2, 5, 6, 7, 8 and 9 all existed prior to the hearing and apparently were not presented at the hearing. None bear on whether he did or did not enter the apartment of a deceased tenant without

---

[6] As discussed in the main brief, pp. 8-9, Delgado was not entitled to one adjournment.

[7] The exhibits attached to the amended complaint are as follows:
1. A post-hearing May 14, 2007 letter from B. Bernie Herron, MD, reporting that he has been treating Delgado since fifteen days *after* the hearing;
2. A nearly 7-year-old Alcohol Retreatment Certification;
3. A post-hearing prescription for Lexapro;
4. A post-hearing April 18, 2007 letter from Steve T. Ayanruoh, MD, reporting that Delgado is being treated (with no specification of its connection with the discharge) and that Delgado has a history of high cholesterol, migraine headaches, weight loss, insomnia and lower back aches;
5. A pre-hearing January 31, 2007 tenants' petition in support of Delgado;
6. Delgado's March 31, 1970 honorable discharge certificate from the Marine Corps;
7. Delgado's pre-hearing January 20, 2007 written statement about the circumstances giving rise to his discharge;
8. Delgado's pre-discharge resume; and
9. A 22-year-old recommendation letter from one of Delgado's prior employers.

5

authorization and threw away items in the apartment. See Award, p. 3, Exhibit 2. Items 1, 3 and 4 address Delgado's medical condition *after* the hearing. None of these items suggest that Delgado did or did not commit the infraction. Finally, as alluded to in the main brief, p. 10, fn.7, a tenant petition, when there is no evidence that the witnesses were unavailable, would be mere hearsay. The "facts" that the petition offered were that the tenants did not experience similar misconduct by Delgado. Not to overstate the obvious, the signatories had not passed away, as had the tenant whose apartment was entered and whose property was taken from the apartment by Delgado. Thus, none of the evidence contained in the exhibits was relevant to the issues being determined in the arbitration.

## CONCLUSION

For the reasons set out above, the Court should dismiss the complaint as to AKSH, grant it its costs and disbursements and such other and further relief as the Court deems just and proper.

Dated:  January 17, 2008
        New York, New York

                        Respectfully submitted,

                        Attorneys for Defendant A. Korenegay Senior House HDFC

                        CLIFTON BUDD & DeMARIA, LLP

                        by: _____
                        Robert A. Sparer (1355)
                        420 Lexington Avenue, Suite 420
                        New York, New York 10170
                        Tel.:  (212) 687-7410
                              and
                        Howard Rothschild
                        292 Madison Avenue
                        New York, New York 10017
                         Tel.:  (212) 889-4100

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK      )
                                         : ss.
COUNTY OF NEW YORK  )

ELAINE COBOS, deposes and says:

I am not a party of the action, I am over 18 years of age, and I reside in Forest Hills, New York.

On January 17, 2008 I served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS A. KORENEGAY SENIOR HOUSE HDFC'S MOTION TO DISSMISS THE AMENDED COMPLAINT,** Docket No. 07-CV-7761 upon:

Marino & Veneziano                             Lyle D. Rowen, Esq.
163 West 71st Street                              Associate General Counsel
New York, New York  10023                SEIU, Local 32BJ
                                                              101 Avenue of the Americas, 19th Floor
                                                              New York, New York  10013

at the address designated by said attorney for that purpose, by depositing true copies of the same enclosed in a postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Post Office within New York State.

_____
ELAINE COBOS

Sworn to before me this
17th day of January, 2008.

_____
Notary Public

DIANE M. PIETRASZEWSKI
NOTARY PUBLIC-STATE OF NEW YORK
No. 02PI6149088
Qualified In Queens County
My Commission Expires July 03, 2010

e/ras/forms – AOS –A. Korenegay Senior House HDFC's – 12-07-07