USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/2008

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
VICTOR DELGADO,                       :

                Plaintiff,            :

        - against -                   :       MEMORANDUM DECISION

A. KORENEGAY SENIOR HOUSE HDFC        :       07 Civ. 7761 (DC)
c/o PRESTIGE MANAGEMENT INC.,
and LOCAL 32BJ, SERVICE EMPLOYEES     :
INTERNATIONAL UNION,
                                      :
                Defendants.
                                      :
- - - - - - - - - - - - - - - - - -x

APPEARANCES:         MARINO & VENEZIANO
                         By: Amelio P. Marino, Esq.
                     163 West 71st Street
                     New York, NY  10023
                       Attorneys for Plaintiff

                     HOWARD ROTHSCHILD, Esq.
                     292 Madison Avenue, 16th Floor
                     New York, NY  10017
                             - and -
                     CLIFTON BUDD & DeMARIA, LLP
                         By: Robert A. Sparer, Esq.
                     420 Lexington Avenue, Suite 42D
                     New York, NY  10170
                       Attorneys for Defendant
                         A. Korenegay Senior House HDFC

                     LYLE D. ROWEN, Esq.
                     Associate General Counsel for
                     SEIU, Local 32BJ
                     101 Avenue of the Americas, 19th Floor
                     New York, NY  10013
                       Attorney for Defendant Local 32BJ, SEIU
```

**CHIN, District Judge**

In this case, plaintiff Victor Delgado, the former superintendent of a residential building located at 2101 Lexington Avenue, New York City (the "Building"), seeks to vacate or modify an arbitration award that upheld the termination of his

employment by defendant A. Korenegay Senior House HDFC ("AKSH") for cause.  Delgado was represented in the arbitration proceedings by his union, defendant Local 32BJ, Service Employees International Union (the "Union").

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief may be granted.  For the reasons that follow, the motions are granted.

## BACKGROUND

### A. The Facts

The amended complaint contains very few factual allegations, but refers to an arbitration opinion and award dated May 4, 2007.[1]  The following facts are drawn from the Award:

Delgado was employed as the superintendent at the Building for approximately a year and a half prior to the termination of his employment on January 18, 2007.  (Award at 2). During his employment, he was reprimanded several times and received numerous warnings for purportedly insubordinate, erratic, and otherwise improper behavior.  (Id. at 2-3).

On January 15, 2007, Delgado entered the apartment of a deceased tenant and threw out items he believed were garbage. (Id. at 3).  These included a DVD player and a microwave oven, which were not garbage.  In fact, he was not authorized to enter

---

[1]   Citations to "Compl." are to the amended complaint. Citations to "Award" are to the May 4, 2007 arbitrator's opinion and award, a copy of which is attached to the amended complaint.

the apartment and was not even scheduled to work that day. Three days later, he was discharged for "illegally entering a tenant's apartment and removing personal property without authorization on [his] day off." (Id. at 4).

The Union challenged the termination on behalf of Delgado and the matter was submitted to arbitration pursuant to the governing collective bargaining agreement. The Union argued that Delgado was "unjustly terminated" and sought reinstatement with full back pay and benefits. (Id. at 1-2).

At the arbitration hearing, both Delgado and Lorraine Davis, the building manager, testified. (Id. at 4). The arbitrator concluded as follows:

> I credit Davis' testimony concerning the Employer's repeated difficulties obtaining cooperation from Delgado during his brief tenure as Superintendent. Delgado, in contrast, was not a credible witness, particularly with respect to his role in instigating conflicts with Site Management and Security after his termination. . . . I find, therefore, the Employer had grounds for terminating his employment.

(Id.). The arbitrator also concluded, however, that Delgado was entitled to four weeks' severance pay. (Id. at 4-5).

**B.   Prior Proceedings**

Delgado commenced this action in the Supreme Court of the State of New York, New York County, on July 10, 2007, to vacate or modify the Award. His complaint named AKSH, the Union, and the Realty Advisory Board on Labor Relations, Inc. (the "Realty Board") as defendants, and contained allegations, inter

- 3 -

alia, that the Union had not properly represented him.  The Union removed the action to this Court on August 31, 2007, on the grounds that the case presented a federal question because it arose under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

On November 5, 2007, Delgado filed an amended complaint, dropping his claims against the Realty Board but retaining his other claims, and also adding a claim for $750,000 in damages.

These motions followed.

## DISCUSSION

The motions to dismiss are granted.

First, Delgado has failed to oppose the motions properly.  He and his lawyers have not submitted a memorandum of law in opposition to the motions.  Instead, they have submitted only a four-page, unsigned document entitled "Answer in Opposition to Defendants (2) Motion to Dismiss" (Answ. in Opp.).  The document purports to be an affirmation under penalty of perjury, but it is not signed.  (Id. at 4).  Moreover, the document relies largely on the amended complaint to oppose the motion, as it alleges that the amended complaint "sufficiently details the Plaintiff's position with regard to all issues and specifically to the issues which the defendants have emphasized in their Motion [sic] to Dismiss."  (Id. ¶ 3).  Delgado cannot, however, respond to the motions to dismiss the amended complaint merely by referring, in a wholly conclusory fashion, back to his

pleading.  See, e.g., Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996) ("bald assertions and conclusions of law will not suffice" to defeat Rule 12(b)(6) motion).  Finally, any law should be set forth in a separate memorandum of law -- and the affirmation purports to set forth law -- but it contains only two citations to cases discussing the standards to be applied to Rule 12(b)(6) motions to dismiss.  (Answ. in Opp. ¶ 4).  Delgado's counsel makes no effort to provide any law on the merits of the claims, and no citations are provided in response to the many legal authorities set forth in defendants' memoranda of law.

Second, on the merits, for the reasons set forth in defendants' papers, the amended complaint fails to state a claim upon which relief may be granted.  Absent a breach by the Union of its duty of fair representation, Delgado does not have standing to challenge the Award because "an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties."  Katir v. Columbia Univ., 15 F.3d 23, 24-25 (2d Cir. 1994); accord Hogan v. 50 Sutton Place South Owners, Inc., 919 F. Supp. 738, 745-46 (S.D.N.Y. 1996). Although the amended complaint here asserts a breach of the duty of fair representation in conclusory terms, it sets forth no facts that would make the claim plausible.  To the contrary, the facts set forth in the amended complaint and in the Award, which is incorporated by reference, show that the Union grieved the matter and took it to arbitration, including representing Delgado

at an evidentiary hearing before the arbitrator. Even assuming the Union was negligent in its handling of the claim, negligence is an insufficient basis for a claim of breach of the duty of fair representation. See, e.g., McNair v. N.Y.C. Health & Hosp. Corp., 160 F. Supp. 2d 601, 605 (S.D.N.Y. 2001).

Moreover, even assuming Delgado has standing to challenge the Award, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., permits an arbitration award to be vacated only in limited circumstances, and Delgado has failed here to show any basis for vacating the Award. Arbitration awards are subject to "very limited review" to avoid undermining the goals of arbitration, namely, settling disputes efficiently and avoiding lengthy and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (quoting Folkways Music Publishers v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993)). Accordingly, "the party seeking to vacate or modify an arbitration award bears the burden of proof, and the showing required of that party . . . to avoid summary affirmance of the award is high." DeGaetano v. Smith Barney, Inc., 983 F. Supp. 459, 461 (S.D.N.Y. 1997) (citation omitted); see also Folkways Music Publishers, 989 F.2d at 111. In addition, "[t]he court's function in confirming or vacating an arbitration award is severely limited." Areca, Inc. v. Oppenheimer & Co., 960 F. Supp. 52, 54 (S.D.N.Y. 1997) (quoting Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir. 1960)). This Circuit has held

that an award "must be confirmed if there is even a 'barely colorable justification' under the facts presented." Alberti v. Morgan Stanley, Dean Witter Discover & Co., No. 97 Civ. 9385 (RO), 1998 WL 438667, at *3 (S.D.N.Y. July 31, 1998) (quoting Willemijn, 103 F.3d at 13), aff'd, 205 F.3d 1321 (2d Cir. 2000)).

Here, there is more than a mere "colorable justification" for upholding the Award.  The Award itself shows that Delgado had an opportunity to testify and present his case, and the arbitrator's decision turned largely on a credibility determination:  the arbitrator found that Davis, the building manager, was credible and that Delgado was not.  Moreover, Delgado has not challenged the accuracy of the arbitrator's principal findings:  that Delgado went into the apartment, without authorization, on his day off, and improperly disposed of personal property, including a DVD player and a microwave.  This was more than an adequate basis to support AKSH's decision to fire him.  The amended complaint alleges nothing to suggest that the arbitrator was biased or corrupt or acted fraudulently or exceeded his powers in so concluding.  See 9 U.S.C. § 10(a).

In his lawyer's unsigned affirmation in opposition to the motions, Delgado argues that the arbitrator was guilty of misconduct for refusing to postpone the arbitration hearing when counsel sought to intercede in the proceedings.  (Answ. in Opp. ¶ 6).  See 9 U.S.C. § 10(a)(3) (award may be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown").  This allegation,

however, ignores the allegation in the amended complaint that "[t]he union attorney refused to make . . . a request" for an adjournment.  (Compl. ¶ 6).  Hence, the amended complaint suggests that no request for an adjournment was made.  Moreover, even accepting the allegations of the unsigned affirmation in this respect, Delgado makes no effort to show that the arbitrator's denial of the adjournment -- assuming he did deny the request -- was fundamentally unfair.  Neither the amended complaint nor the unsigned affirmation provides any factual basis to render plausible the assertion that the arbitrator engaged in misconduct by refusing to adjourn the hearing.  See Alexander Julian, Inc. v. Mimco, Inc., No. 00 Civ. 4131 (DC), 2001 WL 477010, at *2  (S.D.N.Y. May 4, 2001) ("arbitrators are afforded broad discretion in granting or denying requests for adjournment").

       Finally, Delgado suggests that the arbitrator engaged in misconduct by refusing to hear all the evidence.  (Answ. in Opp. ¶ 6).  See 9 U.S.C. § 10(a)(3) (award may be vacated "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy").  Apparently, Delgado is referring to exhibits attached to the amended complaint.  Delgado does not, however, make any showing that he offered these exhibits, which pre-dated the arbitration, at the hearing; he simply does not say so.  (See AKSH Reply Mem. at 5-6 & n.7).  More significantly, however, none of the exhibits tends to disprove the allegation that Delgado went into the

apartment without authorization and improperly disposed of personal property belonging to the deceased tenant. See id. at 5-6). One exhibit provided complaints regarding the building manager's unprofessionalism and attitude; these complaints, of course, did not undercut the charge against Delgado in any way. Another exhibit, an apparent petition by tenants attesting to Delgado's abilities, likewise did not address the specific charges. Although it would have been relevant to the issue of Delgado's general work performance, the petition was hearsay. Arbitrators are accorded discretion in determining what evidence to consider, and their decisions in this respect will not be second-guessed absent "fundamental unfairness." See Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19-20 (2d Cir. 1997) ("It has long been recognized that 'Arbitrators must be given discretion to determine whether additional evidence is necessary . . . .'"). Delgado has not shown that any claim of "fundamental fairness" would be plausible here.

## CONCLUSION

For the reasons set forth above, the motions to dismiss are granted. The amended complaint is dismissed, with prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   New York, New York
         March 21, 2008

                                        DENNY CHIN
                                        United States District Judge